

**FILED**
AUG 25 2021
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF TEXAS

1100 COMMERCE STREET

DALLAS, TEXAS

BRIDGET BROWN PARSON

AKA

BRIDGET PARSON         CASE NO. 21-30982

*NOTICE OF APPEAL OF ORDER August 11, 2021*
*Docket 52.*

DEBTOR, BRIDGET BROWN PARSON, AKA BRIDGET PARSON, **NOTICE OF APPEAL OF THE ORDER DATED AUGUST 11, 2021 FOR AN ORDER DENYING THE CHAPTER 13 CONFIRMATION-** *Docket 52* **HEARING THAT WAS HELD ON AUGUST 05, 2021 AT 2:00PM. AND A DUAL MOTION FOR VALUATION INCLUDED IN THE SAME ORDER DATED AUGUST 11, 2021 THAT WAS HANDHELD TO DEBTOR BY THE JUDGE AF THE CONCLUSION OF THE AUGUST 05, 2021 HEARING STATING THAT A DISMISSAL HAD ALREADY BEEN SET FOR HEARING ON SEPTEMBER 02, 2021 IN WHICH THERE WAS BIAS AND PREJUDICE TOWARDS THE DEBTOR, BRIDGET PARSON, AKA BRIDGET BROWN PARSON IN WHICH THE PRE-READING OF THE OPEN DOCUMENT HANDED TO THE DEBTOR WAS ARBITRARILY AND CAPRICIOUSLY DONE. A NOTICE OF APPEAL HAS BEEN FILED OBJECTING TO THE DENIAL OF THE CHAPTER 13 PLAN FOR CONFIRMATION HELD ON AUGUST 05, 2021. THE CHAPTER 13 PLAN FOR CONFIRMATION** SHOULD HAVE BEEN APPROVED IN WHICH THE TWO AGREED ORDERS HAD BEEN ALREADY SIGNED BY THE JUDGE INVOLVING SECURED CREDITORS. THE PREFILING PREREQUISITES OF THE TRUSTEE, TOM POWERS WAS ILLEGALLY DONE IN WHICH THERE WAS NO "REQUIRED" NOTICE SENT TO THE DEBTOR, BRIDGET PARSON, "PRIOR" TO THE ILLEGAL HEARING

HELD ON AUGUST 05, 2021. THERE WAS NO SHARED DOCUMENTATION NOR EXHIBITS GIVEN TO THE DEBTOR, BRIDGET PARSON THAT CONTINUES TO SHOW BIAS, PREJUDICE RETALIATION, AND WITHOUT AN IMMEDIATE COURT INTERVENTION MANIFEST INJUSTICE WILL CONTINUE TO OCCUR. AN ABATEMENT WAS FILED AND THE NOTICES OF APPEALS WERE FILED THAT ARE OPEN CASES IN THE U S SUPREME COURT INVOLVING THE SPS AND/OR SELECT PORTFOLIO SERVICING AND U S BANK. THE ABATEMENT INVOLVES THE DISPUTED ABATED CASE OF BECKY COLE WHO FAILED TO APPEAR OR FILE A CLAIM AND NO CONTRACT WAS PRESENTED THAT HAS BEEN ABATED AND THE PERSON FILING THE CLAIM, JAMES BRENDAN CARROLL III LACKS STANDING IN A CLOSED DORMANT CASE FILED IN MARCH 26, 2015 DURING AN ACTIVE BANKRUPTCY CASE BY THE LEGAL AID OF NORTH WEST TEXAS AND CLAUDIA CANO WITH AN "IOLTA" CERTIFICATE THAT WAS NEVER SERVED AND/OR SUMMONED IN WHICH AN ANSWER WAS FILED THAT LED TO A FRAUDULENT DEFAULT JUDGMENT AND ABSTRACT JUDGMENT. THE HOLDER OF THE FALASE DEFAULT JUDGMENT DID NOT APPEAR NOR DID THEY FILE A CLAIM FOR BECKY COLE, AN INDIGENT CLIENT WHO HAS NEVER APPEARED IN THE COURT CASE NOR HER ATTORNEYS FOR LEGAL AID OF NORTHWEST TEXAS. JAMES BRENDAN CARROLL III HAS SEVERAL ADDRESSES AND NAMES LISTED IN DIFFERENT WAYS AND HAS NO CONTRACT NOR CLIENT BECKY COLE THAT CONFLICTS WITH THE JUNE 01, 2018 NOTICE OF APPEARANCE FILED IN WHICH HE DOES NOT WORK FOR LEGAL AID OF NORTH WEST TEXAS. DEBTOR, BRIDGET PARSON, IS IN AN ACTIVE APPEALS CASE IN 19-10277 LOCATED IN THE U S SUPREME COURT WITH THE BANKRUPTCY CASE AS WELL AS THE CHIEF JUSTICE HARLIN HALE THAT HAS NOT BEEN HEARD UPON THE MERITS THAT IS CURRENTLY PENDING IN THE US SUPREME COURT LOCATED IN WASHINGTON, D.C. THE JUSTICE DEPARTMENT AS WELL AS ALL PARTIES ARE AWARE OF THE PENDING CASES THAT WERE LISTED ON THE PETITION FOR BANKRUPTCY. THE TRUSTEE, TOM POWERS HAS STATED TO THE DEBTOR, BRIDGET PARSON, THAT HE DOES NOT ABIDE BY ANY ABATEMENT SHOWN TO THE COURT. HOWEVER, THE JUDGE OF

THE BANKRUPTCY COURT HAS STATED ON AUGUST 05, 2021 THAT SHE WILL ABIDE BY ANY ABATEMENT GIVEN AND PROVIDED TO HER IN THE COURT. THIS HAS OCCURRED BUT YET THE DEBTOR, BRIDGET PARSON, HAS BEEN SUBJECTED TO THREATS OF ILLEGAL DISMISSAL OF HER CASE IN WHICH AN "UNHEARD" OF FIVE YEARS WITH PREJUDICE IS REQUESTED. THIS APPEARS TO BE IN RETALIATION OF THE PENDING APPEAL CASES INVOLVING THE CHIEF JUSTICE, HARLIN HALE THAT HAS BEEN WRITTEN IN THE NEVER BEFORE SEEN EXHIBIT BOOKLETS AND DOCUMENTS PRESENTED TO THE BANKRUPTCY COURT ON AUGUST 05,2021. DEBTOR, BRIDGET PARSON, AKA BRIDGET BROWN PARSON STATED AT THE AUGUST 05, 2021 HEARING THAT "THIS IS AN ILLEGAL HEARING" THAT REFERS TO THE ON-GOING IGNORANCE OF OBJECTIONS TO THE MANY EXHIBITS SHOWN IN A BOOKLET THAT HAD DOCUMENTS THAT ARE NOT INVOLVING THE CHAPTER 13 PLAN OF CONFIRMATION ON AUGUST 01, 2021 BUT YET HAD EVERYTHING TO DO WITH INTIMIDATION, HARASSMENT, AND RETALIATION FROM THE PENDING APPEALS FILED IN OTHER HIGHER COURTS. DEBTOR, BRIDGET PARSON, SEEKS PROTECTION, TEMPORARY RESTRAINING ORDER AND PROTECTION OF THE AUTOMATIC STAY OF PROTECTION THAT SHE HAS FILED FOR CHAPTER 13 BANKRUPTCY PENDING THIS APPEAL. DEBTOR, BRIDGET PARSON AKA BRIDGET BROWN PARSON FILES IN GOOD FAITH THIS NOTICE OF APPEAL OF DOCKET #52, AS WELL AS SUPPLEMENTAL OBJECTIONS TO THE DOCKETS #47 AND 53.

**DEBTOR, BRIDGET PARSON, AKA BRIDGET BROWN PARSON ALSO FILES IN GOOD FAITH HER NOTICE OF APPEAL OF THE ORDER DATED AUGUST 11, 2021 AS WELL AS THE MOTIONS FOR:**

1. RECUSAL OF THE BANKRUPTCY JUDGE MELINDA .
2. MOTION FOR NEW TRIAL OF THE CHAPTER 13 CONFIRMATION HEARING HELD ON AUGUST 05, 2021.
3. REQUEST OF FINDINGS OF FACT AND CONCLUSIONS OF LAW OF THE DENIAL OF CHAPTER 13 CONFIRMATION.
4. REQUEST FOR JURY DEMAND OF ALL DISPUTED ISSUES
5. CONTEMPT OF COURT OF THE ORDER OF ABATEMENT GIVEN TO THE BANKRUPTCY COURT.

6. OBJECTIONS TO THE USE OF EXHIBITS, AND UNSHARED DOCUMENTS IN A BINDER NEVER BEFORE SEEN BY THE DEBTOR DURING THE CONFIRMATION CHAPTER 13 HEARING.

7. QUASH, STRIKE, UNFILE, EXHIBITS AND UNSHARED DOCUMENTS USED AT THE CONFIRMATION HEARING HELD ON AUGUST 05, 2021 IN WHICH THE TRUSTEE, TOM POWERS STATED DURING TESTIMONY THAT HE PLACED THE DOCUMENT IN THE MAIL ON AUGUST 02, 2021 THAT COULD NOT BE ALSO RECEIVED BY THE DEBTOR, BRIDGET PARSON, ON THE SAME DAY AND/OR WITHIN THE "REQUIRED" LEGAL THREE DAY NOTICE FOR A LEGAL HEARING TO TAKE PLACE.  THE TRUSTEE, TOM POWERS STATED THAT "ITS NOT FOR YOU TO SAY BUT FOR THE JUDGE TO SAY," REGARDING THE ILLEGAL HEARING STATEMENT MADE BY THE DEBTOR.  THE JUDGE MADE NO OPEN STATEMENT AT THAT TIME AND DID NOT PUBLICLY MENTION TO THE TRUSTEE, TOM POWERS THAT HE WAS OUT OF ORDER. THEREFORE, DEBTOR APPEALS THE ORDER DATED AUGUST 11, 2021 THAT WAS ARBITRARILY AND CAPRICIOUSLY DONE AGAINST HER.

8. QUASH, STRIKE, AND UNFILE THE EXHIBITS AND DOCUMENTS USED BY THE TRUSTEE, TOM POWERS AND JUDGE AND OTHER TWO CLAIMANTS, RYAN FOR SPS AND/OR U S BANK AND SELECT PORTFOLIO SERVICING AND JAMES BRENDAN CARROLL III, ETAL,  IN THE ABSENCE OF LEGAL AID OF NORTHWEST TEXAS, ATTORNEY CLAUDIA CANO, AND BECKY COLE  DURING THE IMPROMPTU HEARING HELD ON AUGUST 05, 2021. ALL OTHER PARTIES APPEARED TO HAVE BEEN AWARE AND KNOWLEDGEABLE OF THE CONTENTS OF THE EXHIBIT BOOKLETS AND DOCUMENTS OTHER THAN THE DEBTOR, BRIDGET PARSON.  THERE ALSO WERE TWO UNKNOWN YOUNG MALES SITTING BEHIND THE JUDGES DESK IN THE OPEN COURT WHO ALSO HAD A BOOKLET AND EXHIBITS IN WHICH THE COURT CONTINUED TO REFER TO AND "ORDER" THE DEBTOR, BRIDGET PARSON, TO GO TO A DESK BEFORE THE COURT AND TO TURN WHEN TOLD TO DO SO TO DOCUMENTS SHE WAS NEVER SHARED AND TO DISALLOW FAIR AND EQUAL JUSTICE.

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, DEBTOR, BRIDGET PARSON, AKA BRIDGET BROWN PARSON WHO FILES IN GOOD FAITH HER NOTICE OF APPEAL OF THE ORDER ON AUGUST 11, 2021 IN DOCKET #53 THAT SHE OBJECTS TO THE CONFIRMATION HEARING HELD ON AUGUST 05, 2021. SHE REQUESTS A RECUSAL OF BANKRUPTCY JUDGE, MELINDA DUE TO THE ONGOING VIOLATIONS OF THE IGNORANCE OF THE FILED ABATEMENT OF THE PENDING CASES FOR BECKY COLE IN CC-01563-B AS WELL AS THE PENDING APPEALED CASES FOR SPS AND/OR U S BANK AND SELECT PORTFOLIO SERVICING. THE PERSON WHO WAS ON THE TELEVISION WITHOUT ANY "REQUIRED" NOTIFICATION APPEARED IN BAD FAITH WITHOUT BEING SWORN IN TO MAKE FALSE STATEMENTS IN WHICH HE IS NOT THE LISTED ATTORNEY OF RECORD FOR THE U S BANK NOR SELECT PORTFOLIO SERVICING. NEITHER OF THE TWO PEOPLE WHO APPEARED AT THE CHAPTER 13 CONFIRMATION HEARING HELD ON AUGUST 05, 2021 HAD ANY FIRST HAND KNOWLEDGE OF THE CASES INVOLVING THE DEBTOR, BRIDGET PARSON. THE LATE CLAIMS FILED BY BOTH PARTIES, RYAN GRAND FOR SPS AND JAMES BRENDAN CARROLL III FOR BECKY COLE WAS DONE IN BAD FAITH AND HAD NO SUPPORTING "REQUIRED" SUPPORTING EVIDENCE. THERE WAS NO "REQUIRED" NOTICE NOR DOCUMENTATION TO SUPPORT A CLAIM FILED THAT HAS LED TO THE DENIAL OF A CHAPTER 13 CONFIRMATION HEARING ON AUGUST 05, 2021. THE PREVIOUSLY AGREED ORDERS SIGNED BY THE DEBTOR WITH THE NON APPEARANACE OF THE TWO CLAIMANTS WAS MENTIONED ALTHOUGH RECEIVED BY THE TRUSTEE, TOM POWERS PRIOR TO THE CONFIRMATION HEARING HELD ON AUGUST 05, 2021. NOR DOCUMENTATION TO SUPPORT A CLAIM FILED. THE CONTINUED ONGOING VIOLATIONS HAVE RESULTED IN THE MOTION FOR RECUSAL OF THE BANKRUPTCY JUDGE ASSIGNED TO THE DEBTOR. THE ACTIONS OF THE BANKRUPTCY JUDGE CONTINUES TO PREJUDICE THE DEBTOR. DEBTOR, HAS BEEN UNABLE TO FREELY SPEAK AND WAS SUBJECTED TO RAMPANT VIOLATIONS OF THE ORDER OF ABATEMENT. DEBTOR, WAS SUBJECTED TO MANY ADVERSE DOCUMENTS AND PERSONS APPEARING WITHOUT ANY PRIOR NOTIFICATIONS TO THE DEBTOR

WHO WERE NOT SWORN IN DURING THE CHAPTER 13 CONFIRMATION. NO EVIDENCE WAS SHOWN AS TO WHO WAS IN THE COURTROOM AND/OR ON THE TELEVISION. NO EVIDENCE WAS SHOWED AS TO WHO THEY WERE THAT CONTINUES TO JEOPARDIZE THE DEBTOR, BRIDGET PARSON, FEELINGS OF FAIR AND EQUAL JUSTICE IN WHICH THE CONTINUED MENTIONING OF THE PENDING CASES INVOLVING THIS BANKRUPTCY COURT AS WELL AS THE CHIEF JUSTICE, HARLIN HALE HAVE RESULTED IN A REQUEST TO RECUSE THE BANKRUPTCY JUDGE. THE ADVERSE PARTIES WERE ALLOWED TO FILE LATE DOCUMENTS AND USED THEM AGAINST THE DEBTOR IN WHICH THE COURT BANKRUPTCY JUDGE MELISSA , ORDERED THE DEBTOR TO GO TO A TABLE AND LOOK AT NEVER BEFORE SEEN DOCUMENTS AND TO COMMENT ON THEM. DEBTOR, OBJECTIONS WERE IGNORED AS TO THE CONTENT OF THE EXHIBITS AND BINDER. DEBTOR, BRIDGET PARSON, OBJECTS TO THE EXHIBITS IN AN UNKNOWN AND UNRECIVED BINDER THAT CONTAINED VERY PERSONAL AND SECURE DOCUMENTS PERTAINING TO THE DEBTOR, BRIDGET PARSON THAT WERE AND STILL IS A VIOLATION OF HER RIGHTS WITHIN THE BANKRUPTCY COURT AND/OR ANY COURT IN THE U S . DEBTOR, BRIDGET PARSON, HAS APPEARED IN GOOD FAITH BUT HAVE BEEN SINGLED OUT BY THE TRUSTEE, TOM POWERS WHO STATED PER TELEPHONE CALL TO HER THAT IN A RECENT TELEPHONE CALL TO HER STATED THAT HE IS NOT GOING TO ABIDE BY ANY ABATEMENT AND IS MOVING FORWARD. THIS BEHAVIOR CONTINUES TO VIOLATE THE DEBTOR, BRIDGET PARSON AND DISALLOW FAIR AND EQUAL JUSTICE. THE JUDGE, FOR BANKRUPTCY COURT HAS ORDERED THE DEBTOR BRIDGET PARSON TO COME FORWARD AFTER DENYING HER CHAPTER 13 PLAN FOR BANKRUPTCY AND HAVE HANDED HER BEFORE THE COURRT AN ALREADY SET HEARING OF A DISMISSAL FROM THE TRUSTEE, TOM POWERS WHO WAS PRESENT IN THE COURT ROOM. THE OPENING OF THE DOCUMENT AND LATER READING OF THE DOCUMENT CONTINUES TO PREJUDICE THE DEBTOR, BRIDGET PARSON, BEYOND REPAIR IN WHICH THE DECISION TO DISALLOW THE CHAPTER 13 PLAN WAS ARBITRARILY AND CAPRICIOUSLY DONE THAT WITHOUT AN IMMEDIATE COURT INTERVENTION MANIFEST INJUSTICE WILL CONTINUE TO OCCUR. THE APPEARANCE THAT THE CHAPTER 13

PLAN WAS PREDETERMINED CONTINUES TO VIOLATE FAIR AND EQUAL JUSTICE AND VIOLATES THE PREVIOUSLY FILED ABATEMENT OF PENDING CASES IN THE COURT INVOLVING THE BECKY COLE AND HER ATTORNEY WHO DID NOT APPEAR NOR DID THEY FILE A CLAIM. THE NON SHOW OF BECKY COLE AND LEGAL AID OF NORTHWEST TEXAS, AND THE ATTORNEY CLAUDIA CANO DISALLOWS FOR A FAIR AND EQUAL TREATMENT WITHIN THE BANKRUPTCY COURT. DEBTOR, BRIDGET PARSON HAVE STATED THAT THE TWO PREVIOUS BANKRUPTCY CASES NEVER HAD A CLAIM FROM THE BECKY COLE, LEGAL AID OF NORTHWEST TEXAS, NOR THE ATTORNEY CLAUDIA CANO. CARROLL III, LISTED HIS NAME DIFFERENT AND HAS USED DIFFERENT ADDRESSES THAT QUESTIONS IF THIS IS THE SAME PERSON IN WHICH THERE NEVER HAVE BEEN ANY "PRIOR" FACE TO FACE APPERANCES. THERE IS NO CONTRACT AND NO "REQUIRED" "PRIOR" APPERANCE OF THE INDIGENT BECKY COLE. THERE HAVE BEEN MANY "DOCTORED" AND FALSE DOCUMENTS FILED WITHIN THE LOWER COUNTY COURT AT LAW 2. THE CIVIL AND CRIMINAL CONSPIRACY INVOLVES THE SECOND JUDGE BELLAN WHO HAS ENGAGED IN BRIBERY AND ILLEGAL KICK-BACKS WHO HAS CONTINUED TO SIGN ORDERS WITHOUT EVER HOLDING "REQUIRED" HEARINGS REGARDING THE REAL PROPERTY BELONGING TO THE DEBTOR, APPELLANT, BRIDGET BROWN PARSON, AKA BRIDGET PARSON. THERE ARE NO "REQUIRED" VERIFIED DOCUMENTS REGARDING THE SIGNED DOCUMENTS SIGNED BY THE LOWER COURT AND THE CLAIMANT, CARROLL III. THE VIOLATIONS OF THE ABATEMENT ALONG WITH THE CONTINUED VIOLATIONS OF THE CHAPTER 13 BANKRUPTCY HAVE LED TO FILING OF THE RECUSAL OF THE BANKRUPTCY JUDGE, MELISA WHO HAS STATED ON AUGUST 05, 2021 THAT "THIS COURT WILL HONOR ALL ABATEMENTS WITHIN THE BANKRUPTCY COURT" AT THE CHAPTER 13 CONFIRMATION HEARING. THE DEBTOR, BRIDGET PARSON WAS ACCUSED BY THE BANKRUPTCY JUDGE THAT "I HAVE TOLD YOU FIVE TIMES" AS IF SHE WAS STATING THAT THE DEBTOR, BRIDGET PARSON WAS NOT FOLLOWING THE PROPER COURTROOM PROCEDURES. THE DEBTOR HAD HER HAND RAISED THAT WAS IGNORED "PRIOR" TO THE CHAPTER 13 CONFIRMATION CONCLUSION. THE PARTIES TOM POWERS, TRUSTEE, AND JAMES CARROLL III BOTH MADE AT THE

JUDGES REQUEST A CONCLUSION IN WHICH THE DEBTOR WAS DISALLOWED TO REBUTE WHAT THEY WERE SAYING "PIOR" TO THE DECISION TO DISALLOW CONFIRMATION OF HER CHAPTER 13 PLAN. NO ONE WAS SWORN IN BUT THE DEBTOR, BRIDGET PARSON, BY THE JUDGE THAT SHOWED THAT THERE WAS AN UNFAIR ATMOSPHERE AND A PREDETERMINATION MADE TO DISALLOW THE CHAPTER 13 BANKRUPTCY PLAN " PRIOR" TO THE CHAPTER 13 CONFIRMATION HEARING. DEBTOR, BRIDGET PARSON, STATED THAT SHE HAD NOT RECEIVED ANY EXHITIBITS THAT WERE PREPARED BY "TARA" THE ATTORNEY FOR THE TRUSTEE, TOM POWERS BUT THEY WERE ALLOWED TO PROCEED THAT CONTINUES TO DISALLOW FAIR AND EQUAL JUSTICE. DEBTOR, BRIDGET PARSON, STATED DURING THE CHAPTER 13 CONFIRMATION HEARING THAT "THIS IS AN ILLEGAL HEARING." THE TRUSTEE" TOM POWERS" STATED WHILE LOOKING AT THE DEBTOR, BRIDGET PARSON, THAT "THAT IS FOR THE JUDGE TO SAY AND NOT YOU." THE TESTIMONY PREVIOUSLY GIVEN BY THE TRUSTEE, TOM POWERS, STATED THAT HE HAD MAILED THE EXHIBITS TO THE DEBTOR, BRIDGET PARSON, ON AUGUST 02, 2021 THAT WOULD MAKE IT IMPOSSIBLE TO RECEIVE BY AUGUST 05, 2021. THE JUDGE NEVER RESPONDED AT ALL. THERE WAS NO ORDER SIGNED UNTIL AUGUST 11, 2021 THAT DISALLOWED THE CHAPTER 13 CONFIRMATION. THE PREDETERMINED HEARING SET "PRIOR" TO THE CHAPTER 13 BANKRUPTCY CONFIRMATION HEARING ON AUGUST 05, 2021 CONTINUES TO SHOW BIAS AND PREJUDICE THE DEBTOR, BRIDGET PARSON BEFORE THE COURT. THE PENDING CASES THAT INVOLVE THE NOW CHIEF JUSTICE HARLIN HALE HAS DISALLOWED THE TRUSTEE, TOM POWERS, ATTORNEY, TARA, NOR THE JUDGE MELINDA TO PROCEED IN A FAIR AND EQUAL ATMOSPHERE THAT CONTINUES TO PREJUDICE THE DEBTOR, BRIDGET PARSON. A CHANGE OF VENUE IS REQUESTED DUE TO THE ABOVE PROBLEMS WITHIN THE BANKRUPTCY COURT THAT APPEARS TO MAKE DECISIONS BASED UPON FRIENDSHHIP RATHER THAN JUSTICE. THE SANCTIONS ARE BEING REQUESTED TO DISMISS THE DISMISSAL HEARING HELD ON SEPTEMBER 02, 2021 BY THE TRUSTEE, TOM POWERS AND HIS ATTORNEY, TARA WHO HAVE PRESET A HEARING WHILE THERE WAS AN ONGOING CHAPTER 13 CONFIRMATION HEARING ON AUGUST 05, 2021. THE MATTERS

MENTIONED BY THE TRUSTTE, TOM POWERS, HAD ALREADY BEEN PRE-RESOLVED IN WHICH TWO AGREED ORDERS HAD BEEN SIGNED BY THE PARTIES AND THE JUDGE, MELISSA. THEREFORE, THE UNTIMELY COMPLAINTS THAT WERE TAKEN UP BY THE BANKRUPTCY JUDGE MELISSA WERE PROCEDURALLY INEFFECTIVE. THERE WAS AN UNTIMELY COMPLAINT FILED BY SELECT PORTFOLIO SERVICING BY AN OBJECTED TO TELEVISION PERSON, WHO WAS NEVER SWORN IN AND WHO WAS NOT AND IS NOT THE CURRENT ATTORNEY FOR U S BANK, SELECT PORTFOLIO SERVICING. THE FAILURE TO FILE A TIMELY COMPLAINT DISALLOWS THE COMPLAINT IN WHICH THE DEBTOR, BRIDGET PARSON, DOES NOT WAIVE ANY OF HER RIGHTS IN THIS MATTER. THE MANY PENDING CASES INVOLVING THE PARTIES SINCE 2014 ARE IN MANY COURTS INCLUDING THE U S SUPREME COURT AND US APPEALS COURTS APPEALING FROM THE DISTRICT COURTS AND THE U S DISTRICT COURTS. THE WORD "DISPUTE" WAS WRITTEN NEXT TO THE PENDING CASES ON THE BANKRUPTCY APPLICATION FILED IN THE BANKRUPTCY COURT. THEREFORE, THERE SHOULD BE NO CONFUSION AS TO THE ABATEMENT AND OTHER CASES AND COURTS MENTIONED REGARDING THE INTENT OF THE ADVERSE PARTIES TO STEAL THE REAL PROPERTY BELONGING TO THE DEBTOR, BRIDGET PARSON, WHO HAD FILED FALSE CLAIMS IN THE LOWER COURTS THAT ARE PRESENTLY IN MANY COURTS. THE "REQUIRED" FORM THAT THE TRUSTEE, TOM POWERS, AND ATTORNEY, TARA, STATED HAD TO BE SIGNED BY THE DEBTOR, BRIDGET PARSONS, AKA BRIDGET BROWN PARSON, WAS MANDATORY AND A PREREQUISITE FOR CONTINUING IN THE CHAPTER 13 BANKRUPTCY COURT. DEBTOR, BRIDGET PARSON, FILED IN ANOTHER DISTRICT THAT SHOWS THAT SHE WAS PROACTIVE AND DID NOT WANT TO FILE WHERE SHE WOULD BE TREATED DIFFERENT AND/OR THAT HER CIVIL, CONSTITUTIONAL, AND NATURAL RIGHTS WOULD BE VIOLATED. DEBTOR, BRIDGET PARSON HAS BEEN HARASSED, INTIMIDATED, AND SHOWN RACIAL DISCRIMINATION WITHIN THE BANKRUPTCY COURT IN WHICH THE DEBTOR, BRIDGET PARSON, HAS BEEN SHOWN A HOSTILE ENVIRONMENT. THE PERSON WHO FILED THE OBJECTED CLAIM, JAMES BRENDAN CARROLL III FAILED TO WRITE HIS CORRECT NAME IN WHICH THE FIRST AND SECOND

CARROLL IS ABSENT AS WELL AS DIFFERENT ADDRESSES MENTIONED IN THE LOWER APPEALED CASE. THE JUDGE STATED THAT "WE WILL JUST CALL HIM MR. CARROLL THAT CONTINUES TO DISALLOW FAIR AND EQUAL JUSTICE IN THE BANKRUPTCY COURT. THE PERSON APPEARING IS NOT THE ATTORNEY FOR BECKY COLE NOR IS HE AN EMPLOYEE OF LEGAL AID OF NORTHWEST TEXAS. THE APPEARANCE OF THE CLAIMANT, JAMES CARROLL III WAS NEVER SWORN IN ON AUGUST 05, 2021 THAT CONTINUES TO DISALLOW FAIR AND EQUAL JUSTICE IN WHICH THE OBJECTIONS MADE BY THE DEBTOR, BRIDGET PARSON, HAVE NOT BEEN RESOLVED. DEBTOR, BRIDGET PARSON, AKA BRIDGET BROWN PARSON HAVE NEVER SEEN THE PERSON DUE TO THE FACT THAT THERE NEVER WAS A FACE TO FACE "REQUIRED" MEETING OF THE PARTIES "PRIOR" TO ADVERSE ORDERS SIGNED BY THE LOWER COURT THAT IS PENDING IN THE HIGHER COURTS REGARDING THE REAL PROPERTY BELONGING TO THE DEBTOR, BRIDGET PARSON. THERE ARE RAMPANT VIOLATIONS OF THE NATURAL RIGHTS OF LIFE, LIBERTY AND PROPERTY IN WHICH THE JUDGE HAS CONTINUED DURING AN ABATEMENT TO DISALLOW THE "ILLEGAL" HEARING IN WHICH THE PERSON FILING THE FALSE CLAIM, JAMES CARROLL III HAS EVEN STATED THAT HE REPRESENTS THE DEBTOR, BRIDGET PARSON, THAT IS NOT TRUE. THE PENDING CASE THAT HAS BEEN ABATED IS STILL ONGOING AND THE COURT HAS STATED THAT IT WILL HONOR THE ABATEMENT FILED BY THE DEBTOR, BRIDGET PARSON. THE "SPS" CLAIMANT WAS ON THE TELEVISION TO AVOID THE "DOCTORED" DOCUMENTS AND FALSIFICATION OF FACTS THAT IS PRESENTLY BEFORE THE HIGHER COURTS IN MANY APPEALS INVOLVING THE PARTIES. THE U S BANK AND SELECT PORTFOLIO SERVICING ARE REPRESENTED BY OTHER PARTIES IN WHICH THE DISBARRED, LORI LONG DID NOT APPEAR AND THE PERSON FILING THE NEVER BEFORE SEEN CLAIM APPEARED BY THE OBJECTED TELEVISION IN BAD FAITH. THE "DOCTORED" DOCUMENTS AND FALSIFICATION OF FACTS CONTINUES TO SHOW PREJUDICE IN WHICH THE DEBTOR, BRIDGET PARSON, DO REQUEST THAT THE COURT DISALLOW THE "REQUIRED" FORM THAT HAD TO BE SIGNED "PRIOR" TO THE BANKRUPTCY CASE THAT CONTINUES TO DISALLOW FAIR AND EQUAL JUSTICE. THE FORM WAS SIGNED IN DURESS BY THE DEBTOR, BRIDGET PARSON,

WITH MANY UNANSWERED QUESTIONS OF A NEVER BEFORE SEEN DOCUMENT FOR A "PREREQUISITE" BANKRUPTCY PROCEEDING THAT WAS SIGNED IN JUNE 2021 AND GIVEN TO THE TRUSTEE TOM POWERS AND HIS ATTORNEY, TARA. A CHANGE OF VENUE IS REQUESTED AS WELL AS A NOTICE OF APPEAL TO COMPEL THE BANKRUPTCY COURT TO ABIDE BY THE ABATEMENT FILED AS WELL AS THE PREVIOUS DISPUTED CASES FILED ON HER BANKRUPTCY PETITION TO ALLOW HER CHAPTER 13 PLAN TO BE CONFIRMED. THE PARTIES WHO FILED COMPLAINTS WERE NOT APPEARING IN GOOD FAITH AND HAD NOT SENT ANY REQUIRED NOTICES TO THE DEBTOR, BRIDGET PARSON PRIOR TO SETTING A HEARING FOR A DISMISSAL "PRIOR" TO THE CHAPTER 13 PLAN THAT HAD NOT TAKEN PLACE YET. THE ACTIONS AND INACTIONS OF THE COURTS SHOWS BIAS, PREJUDICE AND CONTINUES TO SHOW THAT THE DECISIONS TO DISALLOW THE CHAPTER 13 CONFIRMATION WAS ARBITRARILY AND CAPRICIOUSLY DONE. DEBTOR, BRIDGET PARSON, HAVE SIGNED TWO AGREED ORDERS WITH THE SECURED CREDITORS. THE SECURED CREDITOR WHO APPEARED ON THE TELEVISION SCREEN SENT NO "REQUIRED" NOTICE TO THE DEBTOR FOR SELECT PORTFOLIO SERVICING AND/OR U S BANK. THE UNSECURED CREDITOR, RAND FOR SPS SENT NO "REQUIRED" NOTICE OF A CLAIM TO THE DEBTOR, BRIDGET PARSON. THERE WAS NO "REQUIRED" NOTICE OF ANY EVIDENCE OF THE AMOUNT MENTIONED IN WHICH A PAYMENT WAS RECENTLY RECEIVED. THE PERSON APPEARED IN BAD FAITH AND WAS NOT SWORN IN AND PRESENTED NO EVIDENCE TO SUPPORT THE UNTIMELY CLAIM WITHOUT SENDING A COPY TO THE DEBTOR. THE UNSECURED CLAIMANT CARROLL III APPEARED IN BAD FAITH WHO ALSO WAS NOT SWORN IN AND SHOWED NO EVIDENCE TO SUPPORT WHO HE REALLY WAS. THERE WAS NO "REQUIRED" APPEARANCE FROM THE PERSON FILING THE INITIAL DISUPTED LAWSUIT, BECKY COLE, LEGAL AID OF NORTH WEST TEXAS, CLAUDIA CANO. THE PERSON FILING THE CLAIM, CARROLL III HAS NO RIGHT TO FILE A CLAIM AND HAS STATED AMOUNT THAT ARE NOT THE SAME AS THE LOWER COUNTY COURT AT LAW 2 THAT WAS MENTIONED IN THE CHAPTER 13 BANKRUPTCY CONFIRMATION HEARING. THE PERSON APPEARING, CARROLL III MADE FALSE STATEMENTS TO THE JUDGE IN THE COURT ROOM IN WHICH THERE

WAS A NOTICE OF APPEARANCE MADE IN BY LETTER DATED JUNE 01, 2018 IN A CLOSED CASE THAT IS DORMANT. THE HOLDER OF THE DEFAULT AND ABSTRACT JUDGMENT THAT ARE APPEAED AND PENDING DID NOT APPEAR. THERE IS A REQUIREMENT THAT YOU HAVE TO APPEAR IN THE BANKRUPTCY CASE. THE PENDING ABATED CASE IS IN A HIGHER COURT REGARDING THIS MATTER. THE ORDER AND MOTION FOR VALUATION WAS FILED ON THE SAME DOCUMENT THAT CONTINUES TO SHOW THAT THE PROCEDURES ARE NOT CONSISTENT WITH THE BANKRUPTCY COURT. DEBTOR, BRIDGET PARSON, FILES HER OBJECTIONS TO THE DENIAL OF THE CHAPTER 13 CONFIRMATION PLAN AND THE JOINT ORDER FILED WITH A MOTION FOR VALUATION. DEBTOR, BRIDGET PARSON, FILES IN GOOD FAITH HER CORRECT ADDRESS OF THE ONLY ADDRESS FOR THE CITY OF DALLAS WATER DEPARTMENT ALONG WITH THE AFFIDAVIT OF NO TAXES FILED THAT IS NOT REQUIRED FOR A NON-EXEMPT DISABLED WIDOW WOMAN. DEBTOR, BRIDGET PARSON, DOES HAVE A RIGHT TO FILE A BANKRUPTCY BUT YET THE COURT HAS FILED THAT SHE CANNOT FILE IN FIVE YEARS WITH PREJUDICE ANOTHER BANKRUPTCY PETITION. DEBTOR, BRIDGET PARSON, DO OBJECT AND WOULD SHOW THE COURT THAT THE MOTION TO DISMISS FILED BY THE TRUSTEE, TOM POWERS AND HIS ATTORNEY, TARA ARE REQUESTING A NEVER BEFORE SEEN DOCUMENT FOR A DISMISSAL OF A BANKRUPTCY PROPOSED CASE. THE DOCUMENT PRESENTED TO THE COURT SHOWS THE LEVEL OF HARASSMENT, INTIMIDATION, PREJUDICE, BIAS AND VIOLATIONS OF THE BANKRUPTCY LAWS THAT DISALLOWS FAIR AND EQUAL JUSTICE. THE "HEARING" AND "PRE" DISMISSAL REQUEST MADE BY THE TRUSTEE, TOM POWERS, AND HIS ATTORNEY, TARA, ARE "EXTREME" "EXTRAORDINARY" THAT DOES NOT REFLECT ANY PREVIOUSLY FILED CASES. DEBTOR, BRIDGET PARSON, AKA BRIDGET BROWN PARSON, FILES IN GOOD FAITH HER OBJECTIONS AND MOTION FOR RECUSAL OF THE JUDGE MELISSA  IN WHICH THE CONTINUED ALLOWANCE OF THE ADVERSE PARTIES TO APPEAR IN BAD FAITH AND TO MAKE FALSE ACCUSATIONS AND TO NOT FOLLOW THE ABATEMENT SHOWS THAT WITHOUT AN IMMEDIATE COURT INTERVENTION MANIFEST INJUSTICE WILL CONTINUE TO OCCUR. DEBTOR, BRIDGET PARSON, AKA BRIDGET BROWN PARSON, DOES HAVE A RIGHTS TO FILE HER

BANKRUPTCY CASE AND NOT BE SUBJECTED TO A PENDING CASE THAT MANY PEOPLE IN THE COURT ARE NOT HAPPY DUE TO FRIENDSHIP RATHER THAN JUSTICE. THERE ARE VIOLATIONS OF THE BANKRUPTCY CODE AND DUE PROCESS OF LAW, AND PROCEDURAL DUE PROCESS OF LAW. DEBTOR, BRIDGET PARSON DOES HAVE A RIGHT TO FILE AND BE CONFIRMED IN THE CHAPER 13 BANKRUPTCY CASE. THE UNKNOWN REASONS USED TO DISALLOW THE CHAPTER 13 CONFIRMATION PLAN SHOWS VIOLATIONS OF THE CIVIL, CONSTITUTIONAL AND NATURAL RIGHTS AS WELL AS CIVIL AND CRIMINAL CONSPIRACY. THERE IS RACIAL DISCRIMINATION IN WHICH THERE WAS NO "REQUIRED" NOTIFICATION OF DOCUMENTS NOR EXHIBITS PRE-FILED WITH THE COURT THAT WAS SHARED WITH THE DEBTOR, BRIDGET PARSON. DEBTOR, BRIDGET PARSON, OBJECTIONS WERE IGNORED AND UNLAWFUL THAT WAS USED TO NOT APPROVE THE CHAPTER 13 BANKRUPTCY PLAN. DEBTOR, BRIDGET PARSON, DO REQUEST A MOTION FOR NEW TRIAL, FINDINGS OF FACT AND CONCLUSIONS OF LAW, A COMPLETE CLERK AND REPORTERS RECORD, JURY DEMAND THAT IS NEEDED TO DISALLOW UNFAIR AND UNEQUAL JUSTICE. DEBTOR, BRIDGET PARSON, REQUEST THAT THE COURT WILL QUASH, STRIKE, AND UNFILE THE MANY EXHIBITS USED THAT WERE NOT SHARED WITH THE DEBTOR, BRIDGET PARSON AT THE CHAPTER 13 BANKRUPTCY HEARING HELD ON AUGUST 05,2021. DEBTOR, BRIDGET PARSON, REQUEST THAT THE COURT WILL DISMISS THE HEARING HELD FOR SEPTEMBER 02, 2021 THAT WAS ILLEGALLY SET AND REQUESTED "PRIOR" TO THE CHAPTER 13 BANKRUPCY CASE HELD ON AUGUST 05, 2021. THERE WAS NO "REQUIRED" SHARED DOCUMENTS WITH THE DEBTOR, BRIDGET PARSON, THAT SHOWS RACIAL DISCRIMINATION, HARASSMENT, INTIMIDATION, AS WELL AS VIOLATIONS OF DUE PROCESS OF LAW, PROCEDURAL DUE PROCESS OF LAW, AS WELL AS RAMPANT VIOLATIONS OF THE BANKRUPTCY CODE. THE TRUSTEE, TOM POWERS, AND HIS ATTORNEY TARA HAVE VIOLATED THE ORDER OF ABATEMENT AND ARE IN CONTEMPT OF COURT. THE ACTIONS OF THIS COURT ARE NOT CONSISTENT WITH THE BANKRUTPCY PROCEDURES. THEREFORE, DEBTOR, BRIDGET PARSON, DOE REQUEST A MOTION FOR NEW TRIAL, FINDINGS OF FACT AND CONCLUSIONS OF LAW, JURY DEMAND, IN WHICH THE

TIME TO FILE A CLAIM HAS BEEN EXHAUSTED. THE ALLOWANCE OF A SHARED BINDER OF EXHIBITS IN THE COURT ROOM HAS AN UNFAIR APPEARANCE THAT HAS LED TO THE DISMISSAL OF THE CHAPTER 13 PLAN THAT HAS BEEN APPEALED IN THE INTEREST OF JUSTICE, EQUITY, DUE PROCESS OF LAW, PROCEDURAL DUE PROCESS OF LAW, AND THE PREVENTION OF MANIFEST INJUSTICE. THERE IS A RAMPANT LACK OF DISRESPECT FOR PRO SE LITIGANTS IN WHICH THE DEBTOR, WAS DISALLOWED THE SAME OPPORTUNITY TO FREELY SPEAK WITHIN THE COURT. NO MENTION WAS MADE BY THE JUDGE TO THE DEBTOR TO CLOSE AND/OR STATE WHAT SHE WANTED TO BE SAID PRIOR TO THE BANKRUPTCY JUDGES VERBAL CONCLUSIONS FROM THE CHAPTER 13 CONFIRMATION HEARING HELD ON AUGUST 05, 2021. DEBTOR, BRIDGET PARSON, AKA BRIDGET BROWN PARSON, DID OBJECT TO THE UNSECURED CREDITOR FILING A FALSE CLAIM STATING THAT HE HAD A SECURED DEBT IN WHICH THERE WAS NO CONTRACT NOR NO "REQUIRED" ACTUAL PERSON, BECKY COLE, APPEARING AT THE CHAPTER 13 CONFIRMATION HEARING. THE PERSON APPEARING, CARROLL III HAS STATED THAT HE IS OWED ATTORNEY FEES IN WHICH HE HAS NO AUTHORITY TO REPRESENT BECKY COLE WHO IS INDIGENT AND HAS NO CONTRACT AND THE ATTORNEY, CLAUDIA CANO FOR LEGAL AID OF NW TEXAS HAS NOT WITHDRAWED FROM THE CASE. THERE IS AN IOLTA CERTIFICATE THAT PAYS FOR THE INDIGENT PERSON, BECKY COLE. NO "REQUIRED" CLAIMS NOR APPEARANCES WERE MADE IN THE OTHER TWO BANKRUPCY CASES IN 2015-2018 AND 2018-2019 WITH NO OVERLAP. THERE IS NO EVIDENCE TO SUPPORT THE "DOCTORED" DOCUMENTS FILED IN THE LOWER COUNTY COURT AT LAW 2 IN A PLOY TO STEAL THE REAL PROPERTY BELONGING TO THE DEBTOR, BRIDGET PARSON, AKA BRIDGET BROWN PARSON. THERE HAVE BEEN OBJECTIONS FILED IN WHICH AN ABATEMENT ORDER HAS BEEN GIVEN THAT WAS SHARED WITH THE BANKRUPTCY COURT THAT IS NOT BEING FOLLOWED. DEBTOR, BRIDGET PARSON, PRAYS THAT THIS COURT WILL HONOR THE ABATEMENT GIVEN TO THE COURT. DEBTOR, BRIDGET PARSON, REQUEST THAT THIS COURT WILL QUASH, STRIKE, AND UNFILE THE DISMISSAL HEARING PRE-SET BY THE TRUSTEE, TOM POWERS, AND HIS ATTORNEY, TARA IN BAD FAITH ON SEPTEMBER 02, 2021. DEBTOR, BRIDGET PARSON, OBJECTS

AND REQUEST A MOTION FOR NEW TRIAL, FINDINGS OF FACT AND CONCLUSIONS OF LAW, A CHANGE OF VENUE AND A JURY DEMAND THAT HAS LED TO THE ARBITRAY AND CAPRICIOUS DECISION TO NOT APPROVE THE CHAPTER 13 CONFIRMATION ON AUGUST 05, 2021.

*An Affidavit of inability to pay cost is requested Debtor, cannot pay the cost of this appeal.*

RESPECTFULLY SUBMITTED, *Notice of Appeal of Order 08-11-2021*

*Bridget Parson*

BRIDGET PARSON,

AKA

BRIDGET BROWN PARSON

508 GRADY LANE

CEDAR HILL, TEXAS

214 962-9508

CERTIFICATE OF SERVICE.

I, BRIDGET PARSON, AKA BRIDGET BROWN PARSON, DO SEND COPIES TO THE PARTIES IN THIS CASE ON AUGUST 25, 2021 OF THE NOTICE OF APPEAL AS WELL AS THE OBJECTIONS TO THE HEARING HELD ON AUGUST 05, 2021 AS WELL AS RECUSAL OF THE JUDGE, TEMPORARY RESTRAINGING ORDER AND, *ETAL. A copy was sent to Tom Powers Trustee, located at 105 Decker Court, Ste 1150, Irving TX 75062; Atty Rand for US Bank, Select Portfolio Servicing*



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

*Michelle V. Larson*

**Signed August 11, 2021**

United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. **21-30982-MVL** |
| | § | |
| **BRIDGET BROWN PARSON** | § | CHAPTER 13 |
| | § | |
| DEBTOR(S) | § | MICHELLE V. LARSON |

### ORDER DENYING CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN AND MOTION FOR VALUATION

On August 5, 2021 the Court called for hearing Confirmation of the Debtor's Chapter 13 Plan and Motion for Valuation. The Debtor appeared pro se, Thomas Powers, Chapter 13 Trustee, appeared, Grant Tabor appeared representing Select Portfolio Servicing, Inc. and James B. Carroll III appeared representing Becky Cole.

The Court heard the testimony of the Debtor, took evidence and heard arguments. Based on the testimony, evidence and argument the Court finds:

The Debtor failed to carry her burden of proof as to confirmation as the plan is not confirmable on its face. The Debtor failed to comply with Section 1322 and 1325(a)(3) (good faith), (4) (best interest of

creditors), (7) (good faith) and (9) (failure to supply tax returns) of the Bankruptcy Code and General Order 2021-05.

**IT IS ORDERED** Confirmation is hereby denied.

### End of Order ###

Approved:

/s/ Thomas D. Powers
Thomas D. Powers
Standing Chapter 13 Trustee
State Bar No. 16218700
105 Decker Court, Suite 1150
Irving, Texas 75062
(214)855-9200
Fax (214)965-0758
E-mail: tomp@dallasch13.com