

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 15, 2021**

_____
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 13 |
| BRIDGET BROWN PARSON, | § § | Case No. 21-30982 |
| Debtor. | § § § § | |

## MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S MOTION FOR RECUSAL OF JUDGE LARSON

Before this Court is the Motion for Recusal of Judge Larson[1] (the "**Motion**" or "**Motion for Recusal**") filed by the pro se Debtor, Bridget Brown Parson (the "**Debtor**" or "**Ms. Parson**"). The Debtor timely filed a Notice of Appeal[2] on August 25, 2021 to this Court's Order Denying Confirmation of Chapter 13 Plan (the "**Confirmation Order**").[3] Within the Notice of Appeal were

---

[1] ECF No. 59.
[2] ECF No. 58.
[3] ECF No. 52.

1

at least three separate motions.[4] This Memorandum Opinion and Order shall *only* address the Motion for Recusal.

For the reasons stated below, the Court will deny the Motion.

**I.     Jurisdiction and Venue**

Bankruptcy subject matter jurisdiction exists in this proceeding pursuant to 28 U.S.C. § 1334. This is a proceeding to disqualify a sitting judge under 28 U.S.C. § 455, which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The bankruptcy court has authority to adjudicate this matter pursuant to the United States District Court for the Northern District of Texas Miscellaneous Order No. 33. The following shall constitute this Court's reasoning pursuant to Rule 59 of the Federal Rules of Civil Procedure (the "**Rules**"), as incorporated by Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**II.    Background and Procedural Posture**

The Debtor initiated this proceeding by filing a voluntary petition under Chapter 13 of the Bankruptcy Code on May 27, 2021.[5] The Debtor filed a proposed Chapter 13 plan (the "**Plan**") on June 10, 2021.[6] The Court held a hearing on August 5, 2011, regarding confirmation of the proposed Plan in which Mr. Thomas D. Powers, the Chapter 13 Trustee (the "**Trustee**"), and the Debtor appeared, as did counsel for Becky Cole and Select Portfolio Servicing, Inc. The Trustee, Becky Cole and Select Portfolio Servicing each objected to confirmation of the Plan.

The Court heard the testimony of the Debtor, took evidence[7] and heard arguments regarding the Plan. Based on the testimony, evidence and arguments, the Court found the Debtor failed to carry her burden of proof as to confirmation because the plan was not confirmable on its

---

[4] The Motion to Reconsider can be found at ECF No. 61. The Motion for Recusal of Judge Larson can be found at ECF No. 59. The Motion to Transfer Venue can be found at ECF No. 63.
[5] ECF No. 8.
[6] ECF No. 15.
[7] Fifteen (15) exhibits were admitted at the confirmation hearing. ECF No. 51.

face. The Court found that the Debtor failed to comply with various provisions of the Bankruptcy Code, including sections 1322; 1325(a)(3) (good faith);[8] 1325(a)(4) (best interests of creditors);[9] 1325(a)(7) (good faith); and 1325(a)(9) (failure to supply tax returns). Accordingly, the Court denied confirmation of the Plan and strongly recommended that Ms. Parson retain counsel to assist her in her Chapter 13 bankruptcy.

On August 11, 2021, this Court entered its Confirmation Order.[10] The Debtor did not seek to amend the Plan or retain counsel. Rather, the Debtor filed a Notice of Appeal containing at least three separate motions: a Motion to Transfer Venue,[11] a Motion to Reconsider[12] and this Motion for Recusal,[13] each of which were properly docketed separately by the Clerk of Court.[14] The Motion for Recusal lodged a myriad of complaints against the Court, all of which will be addressed in turn below.[15] On September 2, 2021, the Court held a hearing on the Motion for Recusal, the Motion to Transfer Venue, and the Trustee's Motion to Dismiss Chapter 13 Case with Prejudice for Five Years (the "**Motion to Dismiss**").

During the hearing on the Motion for Recusal, the Debtor requested that the Court recuse itself from her bankruptcy case. However, the Debtor presented no substantive evidence at the hearing, instead choosing to make broad, baseless assertions against the Court, including but not

---

[8] The Plan failed to properly treat certain secured debts, including the prepetition arrearage of Select Portfolio Servicing and the secured claim of Becky Cole.
[9] The Debtor has considerable equity in a non-exempt second home occupied by her adult children, which amount is not proposed to be paid to her creditors. The Plan also failed to comply with the Court's Standing Chapter 13 Order as it pertains to monthly conduit payments on mortgages. *See* General Order 2021-05.
[10] ECF No. 52.
[11] ECF No. 63.
[12] ECF No. 61.
[13] ECF No. 59.
[14] The Debtor's motions are difficult to decipher and filled with inaccuracies and baseless accusations, but the Court has endeavored to address every substantive form of relief requested by the Debtor that is not subject of the Notice of Appeal.
[15] The allegations made by Ms. Parson in the Motion for Recusal were often difficult to ascertain. However, given that Ms. Parson is proceeding pro se, the Court has done its best to ascertain the specific allegations in Debtor's Motion to address each substantive allegation in its analysis.

limited to: the Court's "ignorance" of state court orders and prior bankruptcies, failure to "swear in" opposing counsel, prejudice constricting the Debtor's ability "to freely speak," the use of "adverse documents" for which the Debtor was unaware and not properly noticed, violations of her "natural rights," and fostering an environment of "hostility."[16] The Court gave the Debtor significant leeway and time to make her case before the Court. The Court took extra care to do so due to not only the seriousness of the allegations made, but also the Debtor's status as a pro se litigant.

By oral bench ruling, the Court denied the Motion to Transfer Venue and Motion for Recusal on the record. The Motion to Dismiss was taken under advisement. This Memorandum Opinion and Order shall relate *solely* to the Motion for Recusal.[17]

### III.     Standard Pursuant to 28 U.S.C. § 455

"One of the fundamental rights of a litigant under our judicial system is that [s]he is entitled to a fair trial in a fair tribunal, and that fairness requires an absence of actual bias or prejudice in the trial of the case."[18] "The right to a fair and impartial trial is fundamental to the litigant; fundamental to the judiciary is the public's confidence in the impartiality of our judges and the proceedings over which they preside."[19] To achieve those objectives, Congress enacted 28 U.S.C. § 455. Bankruptcy Rule 5004(a) states that the provisions of 28 U.S.C. § 455 shall govern the disqualification of a bankruptcy judge from a proceeding, contested matter, or case.[20] Section 455 reads in pertinent part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding ***in which his impartiality might reasonably be questioned***.

---

[16] *See* ECF No. 58.
[17] The Motion to Transfer Venue and the Motion to Dismiss shall be addressed by separate orders.
[18] *United States v. Wade*, 931 F.2d 300, 304 (5th Cir. 1991) (quoting *United States v. Brown*, 539 F.2d 467, 469 (5th Cir. 1976)).
[19] *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995).
[20] Fed. R. Bankr. P. 5004.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it; [and]

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy[.][21]

Only Section 455(a) and (b)(1) have arguably been implicated by virtue of the Motion for Recusal. The Fifth Circuit has interpreted this statute to give the judge who is the subject of a motion to recuse authority to decide the motion.[22] Therefore, this Court will address the Debtor's Motion.

A judge is presumed qualified to preside over a case.[23] A movant seeking disqualification bears the burden of proving that a judge is unqualified by clear and convincing evidence.[24] Recusal under 28 U.S.C. § 455(a) is considered based upon objective criteria, and the standard to be applied is "whether a reasonable person with knowledge and understanding of all the relevant facts would conclude that the judge's impartiality might reasonably be questioned."[25] A party's statement that she believes a court is not impartial, without more, does not constitute grounds for recusal.[26]

---

[21] 28 U.S.C. § 455 (emphasis added).
[22] *U.S. v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999) (a motion to recuse is committed to the discretion of the subject judge, and the denial of such motion will only be reversed upon the showing of an abuse of discretion); *Wilborn v. Wells Fargo Bank*, N.A. (*In re Wilborn*), 401 B.R. 848 (Bankr. S.D. Tex. 2009) (citing *U.S. v. Mizell*, 88 F.3d 288, 299 (5th Cir. 1996) (the subject judge has broad discretion in determining whether disqualification is appropriate).
[23] *Wilborn*, 401 B.R. at 859-60 (citing cases).
[24] *Kinnear–Weed Corp. v. Humble Oil & Refining Co.*, 441 F.2d 631, 634 (5th Cir.1971).
[25] *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 889 (2009); *see also Liteky v. U.S.*, 510 U.S. 540, 558 (1994) (Kennedy, J., concurring in judgment) ("[U]nder [28 U.S.C.] § 455(a), a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute.").
[26] *See In re Quintana*, No. 05–42417–DML–13, 2001 WL 36241853, at *1 (Bankr. N.D. Tex. Feb. 15, 2001) (citing cases).

In *Levitt v. University of Texas*, 847 F.2d 221 (5th Cir. 1988), the Fifth Circuit addressed the proper procedure for determining a motion for recusal, holding that "[t]he judge can himself decide whether the claim asserted is within § 455. If he decides that it is, then a disinterested judge must decide what the facts are."[27] Thus, in order to rule on the Motion for Recusal, the Court must first decide whether the "claim asserted" by the Debtor "rises to the threshold standard of raising a doubt in the mind of a reasonable observer" as to the Court's impartiality. If not, then I should recuse myself. If so, another judge should "decide what the facts are" by holding an evidentiary hearing, and presumably this other judge would then decide whether disqualification is appropriate.[28] Thus, under *Levitt*, the Court must first determine whether the Debtor's allegations rise to the threshold standard. For the reasons explained below, this Court finds that they do ***not*** and that recusal is ***not*** warranted.

## IV.    Analysis

In the Debtor's first argument, she complains that the Court has committed an "ongoing violation of the ignorance" of the abatement of pending cases.[29] The Court can assure the Debtor that it is not "ignorant" of the prior rulings in the state courts and the Debtor's prior bankruptcies. Where the issue lies is with the import the Debtor seeks to give the prior orders.

The "abatement" of bankruptcy court orders in favor of state court appellate proceedings and prior orders in dismissed bankruptcy cases was discussed in this Court's Order Denying the Debtor's Motion to Reconsider.[30] The "abatement" of state court appellate orders does not bear on this Court's jurisdiction. Rather, the stay of such orders is in deference to *this Court* and the

---

[27] *Levitt*, 847 F.2d at 226 (citation omitted).
[28] *Id.*; *see also Lieb v. Tillman (In re Lieb)*, 112 B.R. 830, 836 (Bankr. W.D. Tex. 1990) (analyzing *Levitt*).
[29] ECF No. 59.
[30] ECF No. 72.

imposition of the automatic stay imposed by 11 U.S.C. § 362.[31] As such, the abatement of a state court appeal does not limit this Court's power in any way and is not a basis for recusal.

Second, the Debtor complains of the applicability of orders entered in one or more of her prior dismissed bankruptcy proceedings. Under 11 U.S.C. § 349(b), the "pre-discharge dismissal of a bankruptcy case returns the parties to the positions they were in *before* the case was initiated."[32] Dismissal of a bankruptcy case restores the *status quo ante*.[33] This is consistent with Congress's stated intent that the purpose of dismissal is to "undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case."[34] The rights and claims of Becky Cole and Select Portfolio Servicing are *not* limited to the proofs of claims they filed in the Debtor's various prior dismissed bankruptcy cases, or the agreed orders entered in such cases.[35] Nor are such orders binding on this Court in any way. Debtor's arguments to the contrary fail to appreciate the nature of a Chapter 13 plan as an "exchanged for bargain between the debtor and the debtor's creditors."[36] As such, when a debtor fails to fulfill her end of the bargain because of the dismissal of her case, she cannot seek relief under that same agreement and cannot convincingly argue that equity is on her side.[37] Therefore, the existence of prior bankruptcy orders in dismissed cases (or this Court's disinclination to afford them weight) is not basis for recusal.[38]

---

[31] *See, e.g., Farley v. Henson (In re Farley)*, 2 F.3d 273, 275 (8th Cir.1993) (holding that an appeal brought by a debtor from a judgment obtained against it as a defendant is subject to the automatic stay); *In re Tampa Chain Co., Inc.*, 835 F.2d 54 (2d Cir. 1987) (per curiam) (Chapter 13 petition automatically stayed continuation of appeal from previous bankruptcy court order finding debtor liable to another debtor's estate).
[32] *In re Sanitate*, 415 B.R. 98, 104 (Bankr. E.D. Pa. 2009) (emphasis in original).
[33] *Id.* at 105.
[34] *In re Oparaji*, 698 F.3d 231, 238 (5th Cir. 2012) (internal quotations omitted).
[35] 11 U.S.C. § 349(b); *Oparaji*, 698 F.3d at 238.
[36] *Oparaji*, 698 F.3d at 238 (quoting *In re Hufford,* 460 B.R. 172, 177 (Bankr. N.D. Ohio 2011)).
[37] *Id.*
[38] It should be noted that although the Debtor often alluded to various prior orders and historical facts, she failed to bring any documentary evidence of her own to the hearing or even open the exhibit binders presented by the Trustee and counsel for Select Portfolio Servicing.

Next, the Debtor complains that counsel appeared on the "television" and were not sworn in at the prior confirmation hearing. Counsel is authorized to appear via the WebEx video platform pursuant to General Order 2021-06 dated June 14, 2021. Likewise, attorneys, as officers of the Court, are authorized to present their cases without a separate swearing in. Attorneys have existing and ongoing duties of candor towards the tribunal and are not typically sworn in when arguing on behalf of clients. The Court's actions in this regard were well within the norm of bankruptcy court practice and do not justify recusal.

The Debtor also complains of the Court "continuing to prejudice the debtor" and that she was "unable to freely speak". The Court takes great issue with this assertion. Especially considering Ms. Parson's pro se status, the Court gave Ms. Parson *every* opportunity to fully and fairly present her case at confirmation and at the hearing on the Motion for Recusal.[39] Certainly, there were admittedly times that the Court had to explain the rules of courtroom decorum to Ms. Parson, and the Court did not allow Ms. Parson to interrupt the Court after the conclusion of argument at the confirmation hearing while the Court was in the middle of ruling, but by no means can it reasonably be argued that the Debtor was unable to speak freely.

By way of further example, one continued complaint asserted by the Debtor is with respect to the appearance of Mr. James Carroll, III on behalf of Becky Cole. The Debtor lodged repeated, frivolous objections to his appearance at the prior hearing. It is in this regard that the Court found it necessary to remind the Debtor that the Court had overruled her same objection repeatedly during the course of the hearing. In short, Mr. Carroll filed a Proof of Claim No. 8-1 on behalf of Becky Cole. For purposes of this bankruptcy, he is her attorney of record. Ms. Parson's frivolous references to who may or may not have been Ms. Cole's attorney 5 years ago or more is of **no**

---

[39] Each of Ms. Parson's hearings were multiple hours in length.

*relevance* to these proceedings.[40] Likewise, Ms. Parson's continued allusions to whether she had ever met him before are frivolous, especially considering the fact that she named him as a creditor in her own Plan.[41] This argument was a complete farce.

Similarly, the Debtor complains of being subjected to "adverse documents" that she had never seen before the hearing. Here, the Debtor's complaint appears to be about the exhibit binder that the Trustee's certificate of service reflected had been sent to Ms. Parson prior to hearing. Many of Ms. Parson's complaints during the confirmation hearing (and again at the hearing on the Motion for Recusal) pertain to never receiving documents mailed to her. First, the Court will note that it found Ms. Parson's testimony to lack credibility on this point. Ms. Parson showed extreme recalcitrance as it pertained to exhibits. The Court has no reason to believe she did not receive the documents mailed to her. Nevertheless, Ms. Parson was given an opportunity to review, object to and comment upon each of the various exhibits at the hearing.[42] She did in fact review the exhibits at the confirmation hearing. However, she refused to even touch the exhibit binders at the hearing on Trustee's Motion to Dismiss. With that said, the Court did in fact overrule certain of the Debtor's objections as they pertained to certain exhibits, as is wholly within the Court's judicial power and discretion. Nevertheless, the simple existence of adverse rulings does not warrant recusal. As the Supreme Court explained:

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required when no extrajudicial source is involved.[43]

---

[40] To be clear, the Court was even repeatedly called upon to address who James Carroll I and James Carroll II may have been.
[41] ECF No. 15.
[42] The vast majority of these documents were Court filings for which the Court could have likewise taken judicial notice.
[43] *Liteky*, 510 U.S. at 555.

The Debtor likewise lodged a complaint about the Court physically handing the Debtor a copy of the Motion to Dismiss on its own accord at a prior hearing.[44] Again, the Court was concerned, based on the Debtor's repeated assertions that she was not receiving documents that parties had certified were mailed. Accordingly, the Court provided her with the pleading, which had been set for hearing in a month's time by the Trustee, in order to maximize the Debtor's due process rights as they pertained to notice. Although atypical, this is also hardly grounds for recusal. Rather, the Court wanted the Debtor to have the maximum amount of time to address the critical motion and perhaps retain counsel to assist her at the following hearing.

Finally, the Debtor alludes to a laundry list of undescribed, unsubstantiated claims of harassment, intimidation, racial discrimination, violations of civil, constitutional and natural rights and allegations of a "hostile environment." As an initial matter, the Court can only say that Ms. Parson has been and *will always be* treated with dignity and respect in her courtroom, and the Court has not seen the existence of *any* of the violations alleged by the Debtor. The Debtor likewise provides no reasonable support for these allegations. This is not the first time this Debtor has sought to recuse her bankruptcy judge. There were no less than six (6) motions to recuse filed in the Debtor's prior bankruptcy cases in this district and the Eastern District of Texas. As such, there are insufficient grounds for recusal.[45]

## V.    CONCLUSION

Overall, there is simply nothing in the record indicating that a ***reasonable*** person with knowledge and understanding of all the relevant facts would conclude that this Court's impartiality could reasonably be questioned. "The use of a motion to recuse as a trial tactic, or as a substitute

---

[44] ECF No. 47. This pleading had also been previously mailed to the Debtor by the Trustee.
[45] *See Bank of San Antonio v. Swift (In re Swift),* 126 B.R. 725, 729 (Bankr. W.D. Tex. 1991), *aff'd*, 3 F.3d 929 (5th Cir. 1993) (because the debtor offered no facts to support his allegation of bias or prejudice, his contentions must fail and the judge not be recused).

for obtaining appellate review of adverse decisions, is not appropriate."[46] And that is frankly what the Motion for Recusal is.

Therefore, based upon the foregoing:

**IT IS ORDERED** that the Motion for Recusal is **DENIED.**

###END OF MEMORANDUM OPINION AND ORDER###

---

[46] *In re Pease,* No. 09–54754, 2010 WL 1849919 at *5 (Bankr. W.D. Tex. May 5, 2010).