

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 15, 2021**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 13 |
| | § | |
| BRIDGET BROWN PARSON, | § | Case No. 21-30982 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S MOTION TO TRANSFER VENUE

Before this Court is the Motion to Transfer Venue[1] (the "**Motion**") filed by the pro se Debtor, Bridget Brown Parson (the "**Debtor**" or "**Ms. Parson**"). On August 25, 2021, the Debtor timely filed a Notice of Appeal[2] to this Court's Order Denying Confirmation of Chapter 13 Plan

---

[1] ECF No. 63.
[2] ECF No. 58.

(the "**Confirmation Order**").[3] Within the Notice of Appeal were at least three separate motions.[4] This Memorandum Opinion and Order shall *only* address the Motion to Transfer Venue.

For the reasons stated below, the Court will deny the Motion.

**I.**     **Jurisdiction and Venue**

Bankruptcy subject matter jurisdiction exists in this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). The bankruptcy court has authority to adjudicate this matter pursuant to the United States District Court for the Northern District of Texas Miscellaneous Order No. 33. The following shall constitute this Court's reasoning pursuant to Rule 59 of the Federal Rules of Civil Procedure (the "**Rules**"), as incorporated by Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**II.**     **Background and Procedural Posture**

The Debtor initiated this proceeding by filing a voluntary petition under Chapter 13 of the Bankruptcy Code on May 27, 2021.[5] The Debtor filed a proposed Chapter 13 plan (the "**Plan**") on June 10, 2021.[6] The Court held a hearing on August 5, 2021, regarding confirmation of the Debtor's proposed Plan in which Mr. Thomas D. Powers, the Chapter 13 Trustee (the "**Trustee**"), and the Debtor appeared, as did counsel for creditors, Becky Cole and Select Portfolio Servicing, Inc. The Court heard the testimony of the Debtor, took evidence and heard arguments regarding the Plan.

---

[3] ECF No. 52.
[4] The Motion to Reconsider can be found at ECF No. 61. The Motion for Recusal can be found at ECF No. 59. The Motion to Transfer Venue can be found at ECF No. 63.
[5] Debtor's voluntary petition disclosed two previous bankruptcy cases, Case No. 15-30080-BJH-13 in the Northern District of Texas and Case No. 18-41511-BTR-13 in the Eastern District of Texas. In each case, the Debtor filed the bankruptcy case with counsel, but then later proceeded pro se. Both bankruptcies ultimately were dismissed. ECF No. 8.
[6] ECF No. 15.

Based on the testimony, evidence and arguments, the Court found that the Debtor failed to carry her burden of proof as to confirmation because the plan was not confirmable on its face. The Court found that the Debtor failed to comply with various provisions of the Bankruptcy Code, including sections 1322; 1325(a)(3) (good faith); 1325(a)(4) (best interests of creditors); 1325(a)(7) (good faith); and 1325(a)(9) (failure to supply tax returns). Accordingly, the Court orally denied confirmation of the Plan and strongly recommended that Ms. Parson retain counsel to assist her in her Chapter 13 bankruptcy. On August 11, 2021, this Court entered its Confirmation Order.[7]

The Debtor did not seek to amend her Plan or retain counsel. Rather, the Debtor filed a Notice of Appeal[8] to the Confirmation Order on August 25, 2021. Buried within the Notice of Appeal were at least three separate motions: a Motion For New Trial/Motion to Reconsider,[9] the instant Motion to Transfer Venue,[10] and a Motion for Recusal,[11] each of which were properly docketed separately by the Clerk of Court.[12] The Motion to Reconsider was denied by order dated September 1, 2021 (without further hearing).[13]

On September 2, 2021, this Court held a hearing on the Motion to Transfer Venue, the Motion for Recusal and the Trustee's Motion to Dismiss Chapter 13 Case with Prejudice for Five Years (the "**Motion to Dismiss**").[14] Both at the hearing and in the Motion to Transfer Venue, the

---

[7] ECF No. 52.
[8] ECF No. 58. Although the Notice of Appeal was timely pursuant to Bankruptcy Rule 8002, the Confirmation Order is, by its nature, an interlocutory order. *See Bullard v. Blue Hills Bank*, 135 S. Ct. 1686 (2015) (holding that denial of confirmation of a plan is not an appealable order)**.**
[9] ECF No. 61.
[10] ECF No. 63.
[11] ECF No. 59.
[12] The Debtor's motions are difficult to decipher and filled with inaccuracies and baseless accusations, but the Court has endeavored to address every substantive form of relief requested by the Debtor that is not subject of the Notice of Appeal.
[13] ECF No. 72.
[14] ECF No. 47.

Debtor was not clear as to which court she sought to transfer her bankruptcy case. She was also unclear as to why transfer was necessary, largely rehashing her argument for recusal rather than asserting facts or presenting evidence why another venue was preferred to this venue, the one in which she chose *voluntarily* to file her bankruptcy case.[15]

Rather, the succinct point of her argument was that *this* Court should not preside over this case, in large part because this Court issued a Confirmation Order adverse to her and because she had a long history before another sitting bankruptcy judge within this district in a prior dismissed case (Chief Judge Harlin D. Hale), which the Debtor believed had a bearing on this Court's impartiality.[16] By oral bench ruling, the Court denied the Motion for Recusal and Motion to Transfer Venue on the record.[17] The Motion to Dismiss was taken under advisement. Again, this Memorandum Opinion and Order shall relate *solely* to the Motion to Transfer Venue.[18]

### III.    Standard Pursuant to 28 U.S.C. § 1412

A motion to transfer venue is determined based upon Section 1412 of Title 28 of the United States Code, which authorizes a court to transfer a proceeding to another district "in the interest of justice or for the convenience of the parties."[19] The decision to transfer a bankruptcy proceeding is committed to the sound discretion of the transferring judge.[20] The party seeking to transfer

---

[15] Ms. Parson filed her Chapter 13 voluntary petition on May 27, 2021 in the Northern District of Texas. ECF No. 1. The Court does note that Ms. Parson physically filed her case with the Clerk of Court in Fort Worth, Texas. However, because of her county of residence, her case was properly assigned to the Dallas Division, as is required in the Northern District of Texas.
[16] *See* Memorandum of Opinion and Order Denying Debtor's Motion to Recuse, Case No. 15-30080-BJH, Dkt. 216 (Bankr. N.D. Tex.). The Court's impartiality will be addressed at length in its Memorandum Opinion and Order Denying the Motion for Recusal.
[17] ECF No. 77-78.
[18] The Motion for Recusal and the Motion to Dismiss shall be addressed by separate orders. The history of the Debtor's prior bankruptcy filings will be addressed at length in its Memorandum Opinion and Order Denying the Motion for Recusal and in its Memorandum Opinion and Order on the Motion to Dismiss.
[19] 28 U.S.C. § 1412.
[20] *See In re Commonwealth Oil Refining Company, Inc.,* 596 F.2d 1239, 1241 (5th Cir. 1979), *cert. denied*, 444 U.S. 1045 (1980); *In re Moss*, 249 B.R. 411, 425 (N.D. Tex. 2000).

venue, in this case, the Debtor, bears the burden of showing by a preponderance of the evidence that transfer would be appropriate.[21]

The "interest of justice" prong is "a broad and flexible standard which must be applied on a case-by-case basis."[22] When addressing this prong, courts consider whether the transfer of venue "will promote the efficient administration of the estate, judicial economy, timeliness, and fairness."[23] Courts have applied the following factors in determining whether a transfer is in the interest of justice:

> (a) Economics of estate administration;
> (b) Presumption in favor of the "home court;"
> (c) Judicial efficiency;
> (d) Ability to receive a fair trial;
> (e) The state's interest in having local controversies decided within its borders, by those familiar with its laws;
> (f) Enforceability of any judgment rendered; and
> (g) Debtor's original choice of forum.[24]

## IV.    Analysis

Applying each of the foregoing factors in turn, the Court finds that the factors weigh heavily against transfer of this bankruptcy to another bankruptcy court, either within this district or to another district.

*(1) Economics of Estate Administration*

Ms. Parson has not argued that her case could be more economically administered in any other court. Venue is proper in this district pursuant to 28 U.S.C. § 1408. The division in which

---

[21] *Commonwealth Oil Refining Company, Inc.*, 596 F.2d at 1241.
[22] *In re Leal v. Bednar*, No. 3:16-CV-3424-G, 2017 WL 565176, *4 (N.D. Tex. Feb. 13, 2017); *In re Amazing Energy*, 2020 WL 4730890, *8 (Bankr. S. D. Miss. June 25, 2020) (quoting *In re Patriot Coal Corp.*, 482 B.R. 718, 739 (Bankr. S.D.N.Y. 2012)).
[23] *In re Enron Corp.*, 284 B.R. 376, 387 (Bankr. S.D.N.Y. 2002).
[24] *See Domain Protection, LLC v. Sea Wasp, LLC*, No. 3:18-CV-01578-K, 2018 WL 5809298, at *5 (N.D. Tex. Nov. 6, 2018); *In re Bruno's, Inc.*, 227 B.R. 311, 324-25 (N.D. Ala. 1998).

this Court sits is Ms. Parson's home county of residence. Likewise, Ms. Parson knowingly filed her voluntary petition in this district. Therefore, this factor weighs against transfer.[25]

*(2) Presumption in favor of the "home court"*

It is the general policy of the Bankruptcy Code that all proceedings in a bankruptcy case be conducted in the district in which the petition was filed. There is a strong presumption in favor of venue being maintained in the "home court."[26] "A litigant who is unhappy with a ruling from one court may not seek relief from another court of equal judicial status. To do so would allow that litigant to circumvent the judicial process by picking the court she thinks will give her the result she thinks is just."[27] Acknowledging the general presumption, this factor weighs against transfer.[28]

*(3) Judicial Efficiency*

Ms. Parson has not presented an argument that transfer of the bankruptcy proceeding significantly improves judicial efficiency.[29] Judicial efficiency concerns numerous issues, some of which overlap with the other factors, including: the home court's familiarity with the substantive issues and familiarity with the law to be applied in the proceeding;[30] the caseload of the respective courts and thus whether the time to trial is shorter or substantially longer in one forum as opposed

---

[25] *See CarMax Auto Superstores, Inc. v. JP Morgan Chase Bank, N.A.*, No. H-07-2147, 2008 WL 11429834, at *6 (S.D. Tex. May 13, 2008) ("This factor is the most important consideration under section 1412.").
[26] *See Tujague v. Adkins*, No. 4:18-CV-00631, 2018 WL 4538270, at *2 (E.D. Tex. Sept. 21, 2018) ("The bankruptcy court 'is strongly presume[ed] to be the proper forum[.]") (internal citations omitted).
[27] *In re Steeley*, 243 B.R. 421, 449 (N.D. Ala. 1999).
[28] Ms. Parson's Motion to Transfer Venue, along with the various other motions, was filed within her Notice of Appeal as a direct response to her adverse ruling in the Confirmation Order. The Court finds it hard to see her actions in any other light than as an attempt to get her preferred ruling elsewhere. *See id.*
[29] *See, e.g., CarMax*, 2008 WL 11429834, at *7.
[30] *See generally Andrus v. Black Elk Energy Offshore Operations, LLC*, Civil Action No. H-16-611, 2016 WL 2839288, at *2 (S.D. Tex. May 13, 2016) (explaining that transfer to bankruptcy court from district court was particularly appropriate under 28 U.S.C. § 1412 because the bankruptcy court was familiar with case).

to the other; and the respective availability of the courts for resolving discovery disputes and for moving the case toward trial at a reasonable pace given the issues involved.[31]

This Debtor has prevented no evidence that any other court is more familiar with the issues in this case or can adjudicate her bankruptcy more efficiently than this Court. Accordingly, it is more efficient for the bankruptcy to remain here, in the Northern District of Texas, Dallas Division, than to be transferred anywhere else.

*(4) Ability to Receive a Fair Trial*

The crux of the Debtor's argument for transfer is made with respect to this factor. Ms. Parson argues that she cannot receive a fair trial in this forum. This Court sincerely regrets that the Debtor believes that she will not be treated fairly. The Court certainly intends to give Ms. Parson and *every* debtor before this Court a fair shake at reorganization. In fact, the Court has implored the Debtor, who again is *pro se*, to seek counsel in an effort to better her chances at successfully confirming a plan.[32] She has refused to do so, and instead filed a litany of pleadings (albeit together) seeking reconsideration, a change of venue, recusal, the striking of admitted exhibits (after hearing), and a notice of appeal.[33] The Debtor's actions indicate a pattern of delay, unnecessary litigation, and forum shopping which the Bankruptcy Code does not condone. Ms. Parson's remedy lies in the judicial process, *not* in circumventing that process by seeking to transfer venue.[34]

---

[31] *In re Think3, Inc.*, 529 B.R. 147, 209 (Bankr. W.D. Tex. Jan. 5, 2015) (quoting *Bruno's*, 227 B.R. at 327).
[32] The Court notes that Ms. Parson's prior two bankruptcy cases, Case No. 15-30080-BJH-13 in the Northern District of Texas and Case No. 18-41511-BTR-13 in the Eastern District of Texas, were filed initially with counsel.
[33] These types of motions are unfortunately a common practice for Ms. Parson. By way of example only, by virtue of the dockets in Ms. Parson's last two bankruptcy cases and this case, the Court takes judicial notice that she has filed (excluding oral motions) approximately six (6) motions to recuse, ten (10) motions for continuance, four (4) motions for reconsideration, six (6) motions to strike, eleven (11) motions to stay further proceedings, twenty-five (25) notices of appeal and even one (1) writ of mandamus. All thirteen (13) appeals from orders in Case No. 15-30080-BJH were dismissed by the United States District Court for the Northern District of Texas.
[34] Ms. Parson has shown herself knowledgeable concerning the appellate process, so the Court will not belabor that point.

Nevertheless, as detailed at length in this Court's Memorandum Opinion and Order Denying Motion for Recusal, Ms. Parson has not demonstrated through objective or reasonable evidence that any other Court will be more impartial than this Court. There is a rebuttable presumption that the Debtor will receive a fair trial.[35] The simple existence of a prior adverse ruling does not indicate a lack of impartiality.[36] Likewise, simply because the Debtor sought recusal of another judge in this district in a prior case has no bearing on the Court's impartiality.[37] To be certain, even if the Court were to transfer venue intra-district, the same argument could (and likely would) be made before similarly situated judges in the Fort Worth Division. On the contrary, this Court patiently gave the Debtor every chance to make substantive arguments at the original hearing on confirmation and at the hearing on the Motion to Transfer Venue. Accordingly, the Debtor failed to carry her burden of proving by a preponderance of the evidence that this Court cannot give her a fair trial.

(5) *The State's Interest in Having Local Controversies Decided Within its Borders, By Those Familiar with its Laws*

This factor is not relevant to the Court's analysis.

(6) *Enforceability of any Judgment Rendered*

This factor is not relevant to the Court's decision, except to the extent that the Debtor seeks to transfer the case to an improper venue, which would bear on jurisdictional concerns.

(7) *The Original Choice of Forum*

---

[35] *See generally Wilborn v. Wells Fargo Bank*, N.A. (*In re Wilborn*), 401 B.R. 848, 860 (explaining a judge is presumed qualified to preside over a case).
[36] *Liteky v. U.S.*, 510, U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").
[37] *See, e.g., In re Quintana*, No. 05–42417–DML–13, 2001 WL 36241853, at *1 (Bankr. N.D. Tex. Feb. 15, 2001) ("Standing alone, a party's statement that he thinks a court may not be impartial, without more, does not constitute grounds for recusal.")**.**

This is the Debtor's third bankruptcy proceeding and third different bankruptcy judge. The Debtor chose to file the proceeding in the Northern District of Texas and was properly assigned to the Dallas Division based upon her county of residence.[38] Other than a frivolous request for oversight by an administrative law judge, the Debtor did not articulate a preferred venue.[39] The case should remain here in the Debtor's original chosen forum, unless the requirements for transfer are met.[40]

## V.    CONCLUSION

Based on the evidence in the record, the Debtor has *not* met the burden of proof for a finding that transfer of the bankruptcy proceeding to another court is warranted under any of the factors that constitute the "interest of justice" prong of Section 1412.

Therefore, based upon the foregoing:

**IT IS ORDERED** that the Motion to Transfer Venue is **DENIED.**

###END OF MEMORANDUM OPINION AND ORDER###

---

[38] ECF No. 1.

[39] A bankruptcy court in a bench trial acts both as the fact finder and determiner of law. *See, e.g., In re Kenneth Leventhal & Co.*, 19 F.3d 1174, 1178 (7th Cir. 1994).
Ms. Parson made a similar request for an administrative law judge in an earlier bankruptcy proceeding, which was denied. *See* Memorandum of Opinion and Order Denying Debtor's Motion to Recuse at 7, Case No. 15-30080-BJH, Dkt. 216 (Bankr. N.D. Tex.).

[40] *See In re Think3*, 529 B.R. at 210 ("The sixth factor–the plaintiff's original choice of forum– is entitled to some weight and deference.").