

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

**Signed October 15, 2021**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 13 |
| BRIDGET BROWN PARSON, | § § § | Case No. 21-30982 |
| Debtor. | § § § § | |

### MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S AMENDED MOTION FOR RECUSAL OF JUDGE LARSON

Before this Court is the Amended Motion for Recusal of Judge Larson (the "**Motion**" or "**Renewed Motion for Recusal**") filed by the *pro se* Debtor, Bridget Brown Parson (the "**Debtor**" or "**Ms. Parson**") on October 4, 2021.[1]

For the reasons stated below, the Court will deny the Motion.

**I.      Jurisdiction and Venue**

---

[1] Dkt. No. 133.

Bankruptcy subject matter jurisdiction exists in this proceeding pursuant to 28 U.S.C. § 1334. This is a proceeding to disqualify a sitting judge under 28 U.S.C. § 455, which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The bankruptcy court has authority to adjudicate this matter pursuant to the United States District Court for the Northern District of Texas Miscellaneous Order No. 33. This shall constitute the Court's findings of fact and conclusions of law.

## II. Background and Procedural Posture

The Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on May 27, 2021.[2] The Debtor filed a proposed Chapter 13 plan (the "**Plan**") on June 10, 2021.[3] The Court held a hearing on August 5, 2011, regarding confirmation of the proposed Plan in which Mr. Thomas D. Powers, the Chapter 13 Trustee (the "**Trustee**"), and the Debtor appeared, as did counsel for Becky Cole and Select Portfolio Servicing, Inc. The Trustee, Becky Cole and Select Portfolio Servicing each objected to confirmation of the Plan.

The Court heard the testimony of the Debtor, took evidence[4] and heard arguments regarding the Plan. Based on the testimony, evidence and arguments, the Court found the Debtor failed to carry her burden of proof as to confirmation because the plan was not confirmable on its face. The Court found that the Debtor failed to comply with various provisions of the Bankruptcy Code, including sections 1322; 1325(a)(3) (good faith);[5] 1325(a)(4) (best interests of creditors);[6] 1325(a)(7) (good faith); and 1325(a)(9) (failure to supply tax returns). Accordingly, the Court

---

[2] Dkt. No. 8.
[3] Dkt. No. 15.
[4] Fifteen (15) exhibits were admitted at the confirmation hearing. Dkt. No. 51.
[5] The Plan failed to properly treat certain secured debts, including the prepetition arrearage of Select Portfolio Servicing and the secured claim of Becky Cole.
[6] The Debtor has considerable equity in a non-exempt second home occupied by her adult children, which amount is not proposed to be paid to her creditors. The Plan also failed to comply with the Court's Standing Chapter 13 Order as it pertains to monthly conduit payments on mortgages. *See* General Order 2021-05.

denied confirmation of the Plan and strongly recommended that Ms. Parson retain counsel to assist her in her Chapter 13 bankruptcy.

On August 11, 2021, this Court entered its Confirmation Order.[7] The Debtor did not seek to amend the Plan or retain counsel. Rather, the Debtor filed a Notice of Appeal containing at least three separate motions: a Motion to Transfer Venue,[8] a Motion to Reconsider[9] and a Motion for Recusal,[10] each of which were properly docketed separately by the Clerk of Court. The Motion to Reconsider was denied by order dated September 1, 2021.[11]

On September 2, 2021, the Court held a hearing on the original Motion for Recusal, the Motion to Transfer Venue, and the Trustee's Motion to Dismiss Chapter 13 Case with Prejudice for Five Years (the "**Motion to Dismiss**"). During the hearing on the original Motion for Recusal, the Debtor requested that the Court recuse itself from her bankruptcy case. However, the Debtor presented no substantive evidence at the hearing, instead choosing to make broad, baseless assertions against the Court, including but not limited to: the Court's "ignorance" of state court orders and prior bankruptcies, failure to "swear in" opposing counsel, prejudice constricting the Debtor's ability "to freely speak," the use of "adverse documents" for which the Debtor was unaware and not properly noticed, violations of her "natural rights," and fostering an environment of "hostility."[12] The Court gave the Debtor significant leeway and time to make her case before the Court. The Court took extra care to do so due to not only the seriousness of the allegations made, but also the Debtor's status as a *pro se* litigant.

---

[7] Dkt. No. 52.
[8] Dkt. No. 63.
[9] Dkt. No. 61.
[10] Dkt. No. 59.
[11] Dkt. No. 72.
[12] *See* Dkt. No. 58.

By oral bench ruling, the Court denied the Motion to Transfer Venue and the Motion for Recusal on the record. The Memorandum Opinion and Order Denying Debtor's Motion for Recusal of Judge Larson (the "**Recusal Order**") was entered on September 15, 2021. The Court found nothing in the record indicating that a reasonable person with knowledge and understanding of all the relevant facts would conclude that this Court's impartiality could reasonably be questioned. The Memorandum Opinion and Order Denying Debtor's Transfer of Venue (the "**Venue Order**") was also entered on September 15, 2021. The Court found that the Debtor had not met the burden of proof for a finding that transfer of the bankruptcy proceeding to another court was warranted under any of the factors that constitute the "interest of justice" prong of 28 U.S.C. § 1412. Reconsideration of the Venue Order was subsequently denied on October 5, 2021.[13] The Venue Order,[14] the Confirmation Order,[15] and various orders requesting a waiver of appellate fees[16] are all currently on appeal.[17]

The Motion to Dismiss was taken under advisement. The Court entered its Memorandum Opinion and Order Granting Trustee's Motion to Dismiss Chapter 13 Case With Prejudice on September 30, 2021 (the "**Dismissal Order**").[18] The Court found that the Debtor had filed her bankruptcy case in bad faith, which constituted cause for dismissal under 11 U.S.C. § 1307. The Court also found that a three-year dismissal with prejudice was an appropriate sanction for the Debtor's bad faith conduct. The Debtor filed a Notice of Appeal of the Dismissal Order on October 12, 2021.[19]

---

[13] Dkt. No. 136.
[14] Dkt Nos. 111–112.
[15] Dkt. No. 58.
[16] *See* Dkt. Nos. 134–135.
[17] The Debtor has also filed a writ of mandamus with the District Court. *See* Petition For Writ of Mandamus filed by Bridget Parson, Case No. 3:21-cv-02423-M-BN, Dkt. No. 3 (N.D. Tex. 2021).
[18] Dkt. Nos. 127–128.
[19] *See* Dkt. Nos. 146–147.

Despite the Confirmation Order and Dismissal Order having been appealed, the Debtor has continued to file motions in the instant case. Of importance, the Debtor filed the instant Renewed Motion for Recusal on October 4, 2021.[20] The Debtor has presented no new evidence as to why this Court should recuse herself from the bankruptcy case. Rather, the Renewed Motion for Recusal largely rehashes arguments made in her former motion for recusal, which was denied after hearing. Nonetheless, the Court will respond to Debtor's Renewed Motion in turn.

### III.     Standard Pursuant to 28 U.S.C. § 455

As stated in the Court's previous Recusal Order, "One of the fundamental rights of a litigant under our judicial system is that [s]he is entitled to a fair trial in a fair tribunal, and that fairness requires an absence of actual bias or prejudice in the trial of the case."[21] "The right to a fair and impartial trial is fundamental to the litigant; fundamental to the judiciary is the public's confidence in the impartiality of our judges and the proceedings over which they preside."[22] To achieve those objectives, Congress enacted 28 U.S.C. § 455. Bankruptcy Rule 5004(a) states that the provisions of 28 U.S.C. § 455 shall govern the disqualification of a bankruptcy judge from a proceeding, contested matter, or case.[23] Section 455 reads in pertinent part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding **in which his impartiality might reasonably be questioned**.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>>
>> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served

---

[20] Dkt. No. 133.
[21] *United States v. Wade*, 931 F.2d 300, 304 (5th Cir. 1991) (quoting *United States v. Brown*, 539 F.2d 467, 469 (5th Cir. 1976)).
[22] *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995).
[23] Fed. R. Bankr. P. 5004.

> during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it; [and]
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy[.][24]

Only Section 455(a) and (b)(1) have arguably been implicated by virtue of the Motion for Recusal. The Fifth Circuit has interpreted this statute to give the judge who is the subject of a motion to recuse authority to decide the motion.[25] Therefore, like before, this Court will address the Debtor's Motion.

A judge is presumed qualified to preside over a case.[26] A movant seeking disqualification bears the burden of proving that a judge is unqualified by clear and convincing evidence.[27] Recusal under 28 U.S.C. § 455(a) is considered based upon objective criteria, and the standard to be applied is "whether a reasonable person with knowledge and understanding of all the relevant facts would conclude that the judge's impartiality might reasonably be questioned."[28] A party's statement that she believes a court is not impartial, without more, does not constitute grounds for recusal.[29]

In *Levitt v. University of Texas*, 847 F.2d 221 (5th Cir. 1988), the Fifth Circuit addressed the proper procedure for determining a motion for recusal, holding that "[t]he judge can himself decide whether the claim asserted is within § 455. If he decides that it is, then a disinterested judge

---

[24] 28 U.S.C. § 455 (emphasis added).
[25] *U.S. v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999) (a motion to recuse is committed to the discretion of the subject judge, and the denial of such motion will only be reversed upon the showing of an abuse of discretion); *Wilborn v. Wells Fargo Bank*, N.A. (*In re Wilborn*), 401 B.R. 848 (Bankr. S.D. Tex. 2009) (citing *U.S. v. Mizell*, 88 F.3d 288, 299 (5th Cir. 1996) (the subject judge has broad discretion in determining whether disqualification is appropriate).
[26] *Wilborn*, 401 B.R. at 859–60 (citing cases).
[27] *Kinnear–Weed Corp. v. Humble Oil & Refining Co.*, 441 F.2d 631, 634 (5th Cir.1971).
[28] *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 889 (2009); *see also Liteky v. U.S.*, 510 U.S. 540, 558 (1994) (Kennedy, J., concurring in judgment) ("[U]nder [28 U.S.C.] § 455(a), a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute.").
[29] *See In re Quintana*, No. 05–42417–DML–13, 2001 WL 36241853, at *1 (Bankr. N.D. Tex. Feb. 15, 2001) (citing cases).

must decide what the facts are."[30] Thus, in order to rule on the Renewed Motion for Recusal, the Court must first decide whether the "claim asserted" by the Debtor "rises to the threshold standard of raising a doubt in the mind of a reasonable observer" as to the Court's impartiality. If not, then I should recuse myself. If so, another judge should "decide what the facts are" by holding an evidentiary hearing, and presumably this other judge would then decide whether disqualification is appropriate.[31] Thus, under *Levitt*, the Court must first determine whether the Debtor's allegations rise to the threshold standard. For the reasons explained below, this Court finds that they do ***not*** and that recusal is ***not*** warranted.

IV. <u>Analysis</u>

The Debtor makes five (5) primary arguments with respect to recusal: (1) that she was forced to be sworn in when attorneys were not; (2) that the Court and counsel worked together to "gang up" on Ms. Parson and disallow her a fair opportunity to litigate her case; (3) that she was subjected to adverse documents for which she did not receive proper notice; (4) that a temporary restraining order ("**TRO**") or injunctive relief should be granted against the Court because the Court allegedly ordered the Clerk of Court not to proceed with Ms. Parson's appeals; and (5) that the Court relied on previous cases, specifically experiences with prior judges and attorneys in those cases, in coming to adverse decisions against her.

A court is not required to conduct an evidentiary hearing on a motion for recusal.[32] Given that the Court has already held an evidentiary hearing on recusal and denied Ms. Parson's prior motion by a detailed written opinion, the Court will not rehash the Recusal Order. Rather, with regard to points (1)–(2) above, the Court incorporates the reasoning from its prior Recusal Order

---

[30] *Levitt*, 847 F.2d at 226 (citation omitted).
[31] *Id.*; *see also Lieb v. Tillman (In re Lieb)*, 112 B.R. 830, 836 (Bankr. W.D. Tex. 1990) (analyzing *Levitt*).
[32] *See e.g.*, *United States v. Cherry*, 330 F.3d 658, 666 (4th Cir. 2003) ("Indeed, § 455(a) does not specify any particular procedures that a judge should employ in deciding a recusal motion.").

7

and denies the Debtor's Renewed Motion as it pertains to such issues.[33] However, the Court will address the Debtor's allegations as they pertain to points (3)–(5).

### A. Notice of Exhibits and "Adverse Documents"

The Debtor complains of being subjected to "adverse documents" that she had never seen before the hearing. Specifically, the Debtor's complaints appear to be about the exhibit binders presented to her in her numerous hearings, all of which had corresponding certificates of service reflecting they had been sent to Ms. Parson prior to hearing. These allegations have already been addressed at length in the Court's prior Recusal Order[34] and Dismissal Order.[35] In short, the Court found that the Debtor's allegations lacked credibility. Her allegations in the instant motion likewise lack credibility. At the hearing on the Motion to Dismiss, the Trustee catalogued a laundry list of ways he attempted to serve Ms. Parson with his exhibits, including by Federal Express and U.S. Mail, as well as offers of physical pick-up at his office.[36] The Court has been presented no evidence from Ms. Parson disputing this. Nevertheless, Ms. Parson was given opportunities to review, object to and comment upon each of the various exhibits at her hearings. She did in fact review the exhibits at the confirmation hearing on August 5, 2021. However, she refused to even touch the exhibit binders at the hearing on Trustee's Motion to Dismiss on September 2, 2021. With that said, the Court did in fact overrule certain of the Debtor's objections as they pertained to certain

---

[33] *See* Dkt. No. 88 at 8–9; Dkt. No. 89 at 8–9.
[34] *See* Dkt. No. 89 ("The Court has no reason to believe she did not receive the documents mailed to her.").
[35] *See* Dkt. No. 127 ("[Ms. Parson] continues to claim the Court has 'subjected her' to 'adverse' documents for which she has not received notice but presents no evidence to rebut the certificates of service evidencing the documents were mailed to her home address. In fact, she has objected to every document presented to her at hearings as one she did not receive, even after admitting to the Court that she had no issue with the mail services to her home.").
[36] *See* Dkt. No. 69 (Trustee's Second Supplemental Witness and Exhibit List Trustee's with Certificate of Service showing Ms. Parson was served with exhibits by both FedEx and U.S. Mail); Dkt. No. 70 (Trustee's Certificate of Conference stating that Ms. Parson refused delivery and pick-up of exhibits).

exhibits, as is wholly within the Court's judicial power and discretion. Nevertheless, the simple existence of adverse rulings does not warrant recusal. As the Supreme Court explained:

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required when no extrajudicial source is involved.[37]

Therefore, the Court sees this objection as frivolous and clearly only made in response to adverse rulings by this Court. Thus, it must be denied.

### B. Temporary Restraining Order or Injunctive Relief

The Debtor's allegations that the Court ordered the Clerk of Court to not proceed with Ms. Parson's appeals are both frivolous and patently false; thus, her corresponding request for a TRO or injunctive relief against this Court must therefore be denied. The Court has not ordered the Clerk of Court to refuse Ms. Parson's filings. Even when faced with complex, often indiscernible motions from the Debtor, the Clerk of Court has properly docketed them.[38] This Court has never directed the Clerk of Court not to accept a pleading from Ms. Parson. Ms. Parson appears to be complaining about this Court ruling on the various motions to proceed *in forma pauperis* on appeal. When motions are filed on this Court's docket, is it behooved to rule upon them.[39] This Court's ruling does not prevent a District Court from deciding any motion on its docket.[40] Furthermore, rather than address Ms. Parson's request that this Court issue a TRO or injunctive relief against itself, the Court assumes such relief would be addressed by a higher court as part of

---

[37] *Liteky*, 510 U.S. at 555.
[38] In Ms. Parson's first Notice of Appeal, for example, the Clerk of Court properly docketed the appeal as three separate motions: a Motion to Transfer Venue, a Motion to Reconsider, and a Motion for Recusal.
[39] See 28 U.S.C. § 1915(a)(3).
[40] *See, e.g.*, Order, Case No. 3:21-cv-02097-N, Dkt. No. 7 (N.D. Tex. 2021) (Order from Magistrate Judge Ramirez).

a substantive appeal or with respect to Ms. Parson's pending writ of mandamus.[41] Accordingly, the Debtor's request for a TRO or injunctive relief is denied.

### C. References to Debtor's History in Previous Bankruptcy Courts

The Debtor alleges that the Court improperly relied on her previous cases, specifically references to prior judges and attorneys in those cases, in coming to "adverse" decisions against her. The Court acknowledges that the Dismissal Order was largely premised on Ms. Parson's actions both in this Court and other bankruptcy courts before it. That is hardly grounds for recusal. Rather, the Court is entitled to rely on the Debtor's actions in previous bankruptcy cases to inform a decision on a motion to dismiss a bankruptcy.[42] To be clear, that is the case in virtually all dismissals relating to so-called "serial filers."[43] Ms. Parson's previous filings, her litigation tactics, and appellate practices in prior cases were central to the Dismissal Order.[44] Thus, the Debtor's claims are not grounds for recusal.

### D. Miscellaneous Allegations

Finally, the Debtor alludes to a laundry list of undescribed, unsubstantiated claims of harassment, intimidation, discrimination, violations of civil, constitutional and natural rights and allegations of a "hostile environment."[45] As noted in the previous Recusal Order, Ms. Parson has been and *will always be* treated with dignity and respect in this Court. The Court has not seen the existence of *any* of the violations alleged by the Debtor. The Debtor likewise provides no reasonable support for these allegations. Again, this is not only the second time this Debtor has

---

[41] Petition For Writ of Mandamus filed by Bridget Parson, Case No. 3:21-cv-02423-M-BN, Dkt. No. 3 (N.D. Tex. 2021).
[42] *See In re Jordan*, 598 B.R. 396, 406–07 (Bankr. E.D. La. 2019) ("While a debtor's serial filings do not necessarily constitute bad faith, a debtor's prepetition conduct, including his conduct in prior cases, is a valid consideration in determining a debtor's good faith in filing a subsequent case and confirmation of a proposed plan.").
[43] *See, e.g. id.*
[44] *See* Dkt. No. 127 at 24 ("The Court also agrees with the Trustee that the length of the bar should reflect the historical realities of Ms. Parson's behavior.").
[45] *See* Dkt. No. 133 at 1, 7–8.

sought to recuse the undersigned bankruptcy judge, but there were no less than five (5) motions to recuse filed in the Debtor's prior bankruptcy cases in this district and the Eastern District of Texas.[46] All of these motions were denied. As such, there are insufficient grounds for recusal.[47]

### V. CONCLUSION

Overall, there is simply nothing in the record indicating that a ***reasonable*** person with knowledge and understanding of all the relevant facts would conclude that this Court's impartiality could reasonably be questioned. "The use of a motion to recuse as a trial tactic, or as a substitute for obtaining appellate review of adverse decisions, is not appropriate."[48] And that is frankly what the Motion is. The Motion is particularly vexatious given the dismissal of Ms. Parson's bankruptcy case, as well as the pending writ of mandamus and appeals. It is nothing more than another frivolous attempt to bog down this Court with unnecessary filings. This type of frivolous filing is exactly the type of practice underlying this Court's Dismissal Order.

Therefore, based upon the foregoing:

**IT IS ORDERED** that the Motion for Recusal is **DENIED.**

###END OF ORDER###

---

[46] *See e.g.*, Motion to Recuse Judge Hale, Case No. 15-30080-BJH, Dkt. No. 161 (Bankr. N.D. Tex. 2018); Memorandum Opinion and Order Denying Debtor's Motion to Recuse, Case No. 18-41511-BTR, Dkt. No. 223 (Bankr. E.D. Tex. 2019).
[47] *See Bank of San Antonio v. Swift (In re Swift),* 126 B.R. 725, 729 (Bankr. W.D. Tex. 1991), *aff'd*, 3 F.3d 929 (5th Cir. 1993) (because the debtor offered no facts to support his allegation of bias or prejudice, his contentions must fail and the judge not be recused).
[48] *In re Pease,* No. 09–54754, 2010 WL 1849919 at *5 (Bankr. W.D. Tex. May 5, 2010).